■ TRUSTEES OF COLUMBIA UNIVERSITY IN THE CITY OF NEW YORK, Appellant, v EXPOSAIC INDUSTRIES, INC., Respondent, et al., Defendants.—Order, Supreme Court, New York County (Dontzin, J.), entered January 24, 1984, which granted summary judgment dismissing all causes of action in the complaint against defendant Exposaic Industries, Inc., is unani-

mously modified, on the law, to the extent of reinstating the tort claims pleaded in the twenty-second and twenty-third causes of action, and otherwise affirmed, without costs.

The instant action was commenced in May 1983 by plaintiff-appellant, The Trustees of Columbia University (Columbia), against various defendants, including respondent Exposaic Industries, Inc. (Exposaic), who were involved in the design and construction of the Sherman Fairfield Center for Life Sciences at the Columbia Morningside Heights Campus, which was completed in 1977. In mid-1980, a 5-by-9-inch tile embedded in one of the precast concrete panels which formed the exterior or "curtain wall" of the building crashed to the ground. A subsequent inspection revealed that many of the 100,000 facing tiles were defectively embedded in the interconnected precast panels and that the entire wall was in imminent danger of collapse due to large cracks in many of the concrete panels themselves. These panels variously weighed between one and three tons each. Columbia thereafter took extensive steps to put the building into a safe condition and it seeks, in this action, to recover the $600,000 which it claims it was required to expend for that purpose.

Defendant Bergen County Cut Stone Co., Inc. (Bergen) had contracted to install the "curtain wall" and tiles. Bergen, in turn, entered into a contract with respondent Exposaic whereby Exposaic undertook to manufacture and fabricate the precast concrete panels and to attach the facing tiles thereto. Exposaic's last delivery of such materials was made in November 1976.

In its complaint, Columbia asserted causes of action against Exposaic in both contract and tort. Special Term (Dontzin, J.), granted the motion for summary judgment seeking dismissal of all the counts in the complaint directed to Exposaic. The contract claims were properly held to be time barred and the tort claims (referred to as the twenty-second and twenty-third causes of action in the complaint) were construed as seeking recovery for "economic loss" and not actionable under the authority of *Schiavone Constr. Co. v Elgood Mayo Corp.* (56 NY2d 667, *revg on dissenting opn of Silverman, J.,* 81 AD2d 221, 227-234). A short time thereafter, Exposaic again successfully moved for summary judgment, this time obtaining dismissal of all cross claims and third-party claims for indemnity and contribution asserted against it by other defendants. In granting that relief, Special Term (Sherman, J.), noted that it was bound by the prior ruling, by a Justice of coordinate jurisdiction, which had held plaintiff Columbia's tort claims

against Exposaic to be nonactionable. Upon appeal by various of the defendants from the dismissal of the cross and third-party claims, we modified to the extent of reinstating those claims insofar as they sought contribution from Exposaic as a joint tort-feasor *(Trustees of Columbia Univ. v Mitchell/Giurgola Assoc.,* 109 AD2d 449). In so holding, it was necessary for us to note our disagreement with the ruling by Special Term on the prior summary judgment motion granting dismissal of the complaint as against Exposaic, and we concluded, contrary to that ruling, that: "plaintiff's claim against Exposaic does not fall within the ambit of the economic loss doctrine of *Schiavone Constr. Co. v Elgood Mayo Corp. (supra),* and hold that plaintiff's claim against Exposaic set forth a viable cause of action for property damage to its building arising from the allegedly defective materials supplied by Exposaic, which materials were to be installed as part of a building wall located on a crowded university campus and thus constituted an unduly dangerous product for which damages under a strict liability theory may be maintained." (109 AD2d, at p 455.)

At the time of our decision reinstating the cross claims, Columbia had not perfected an appeal from that prior order dismissing its complaint. This led to the anomalous situation of sustaining viable claims against Exposaic for contribution based upon a breach of a duty which it owed to the plaintiff which itself could not directly recover for such breach by reason of a conflicting, but still unchallenged, Special Term decision. Not surprisingly, the instant appeal by Columbia from that decision followed.

Consistent with our earlier determination, we find that Special Term improperly dismissed Columbia's tort claims against Exposaic. As we previously noted *(supra,* at p 455), "a wall in a college setting damaged to the point of imminent collapse by reason of the defective materials supplied by the manufacturer, is far different from the situation in *Schiavone (supra),* which merely involved a piece of equipment that did not function properly". Thus, in the instant case, the allegedly defective and improperly fabricated material supplied by Exposaic for use in the "curtain wall" would constitute an unreasonably dangerous product and Exposaic would be liable in damages under strict products liability and/or negligence for physical injuries to plaintiff's property, including the wall itself, proximately caused by such defective material. *(See, Dudley Constr. v Drott Mfg. Co.,* 66 AD2d 368.)

Accordingly, the order of Special Term is modified to the

extent of reinstating the tort causes of action. Concur—Sullivan, J. P., Ross, Milonas, Kassal and Ellerin, JJ.