■ BELLEVUE SOUTH ASSOCIATES, Respondent, v HRH CON-STRUCTION CORPORATION et al., Respondents. CIRCLE INDUS-TRIES CORPORATION, Appellant and Third-Party Plaintiff-Appel-lant, and MASONITE CORPORATION, Appellant and Third-Party Defendant-Respondent.—Order and judgment (one paper) of the Supreme Court, New York County (Carol H. Arber, J.), entered on February 6, 1989, which, *inter alia,* following a jury trial, found in favor of plaintiff against defendants City Development Corporation and Travelers Indemnity Company in the amount of $115,533.90, against defendant Circle Indus-tries Corp. in the amount of $915,824.22, and against defen-dant Masonite Corporation in the amount of $1,700,459.68, is unanimously affirmed, with costs and disbursements.

Plaintiff retained HRH Construction Corporation and HRH Equity Corporation, predecessors of defendant City Develop-ment Corporation (collectively HRH), to construct a residen-tial housing complex in Manhattan. HRH, which acted as general contractor, sublet the installation of wood parquet floor tiles to defendant Circle Industries Corp. (Circle). Al-though the contract specified a particular brand of foam-backed tiles, Circle successfully prevailed upon plaintiff to accept, as a substitute of equal quality, a tile to be manufac-tured by defendant Sykes Flooring Company (Sykes), an entity later merged into defendant Masonite Corporation (Masonite).

The wood slats in the floor tiles soon began to separate from their backing, at first in apartments where wheelchairs were in use, and later, generally throughout the residential prem-ises. There was testimony that the condition of the flooring presented a hazard and that, as a result, certain tenants had sustained personal injuries.

This action was submitted to the jury against defendants HRH and Circle on causes of action for breach of contract and breach of express warranty and against defendant Masonite on a cause of action for strict product liability. The jury returned a verdict against defendant HRH in the amount of $310,808, against defendant Circle in the amount of $620,630, and against defendant Masonite in the amount of $1,157,964, for a total of $2,089,402, slightly less than the $2,105,392.85 sought by the plaintiff. Defendants Circle and Masonite now appeal.

Defendant Circle's contention that it is entitled to indem-nity from defendant Masonite, either based upon the common law or as a mere purchaser of defective goods pursuant to an implied warranty, is misplaced in view of the evidence indicat-

ing that Circle participated in decisions regarding manufacture of the defective tiles. Indeed, it need only be observed that Circle's subsidiary owned a substantial interest in Sykes and that Sykes did not even manufacture a comparable wood tile until Circle obtained the subcontract herein. Clearly, Circle is not an innocent party entitled to shift liability to Masonite. Nor do we find plaintiff's "approval" of the substituted Sykes tiles to constitute a waiver of its claims. The nature and extent of the approval was a question of fact, the resolution of which is amply supported in the record.

Defendant Masonite's claim that strict product liability does not extend to mere economic damage (see, Schiavone Constr. Co. v Elgood Mayo Corp., 56 NY2d 667, revg on dissenting opn of Silverman, J., 81 AD2d 221) is also without merit. This theory is inapplicable where the condition caused by the defective product is unduly dangerous and has, in fact, resulted in personal injury or property damage to the product itself (Trustees of Columbia Univ. v Mitchell/Giurgola Assocs., 109 AD2d 449, subsequent appeal, Trustees of Columbia Univ. v Exposaic Indus., 122 AD2d 747; see, Annotation, Strict Products Liability: Recovery for damage to product alone, 72 ALR4th 12, § 6). Moreover, the limited and cursory argument made below by defendant Masonite that the claim for strict products liability was time barred was insufficient to preserve this issue on appeal. In any event, in view of Masonite's representations to plaintiff that the flooring tiles were not defective, but were simply not designed to accommodate wheelchair traffic, we would, if we were to consider such argument, conclude that defendant is estopped from relying upon the Statute of Limitations.

Defendant Masonite's assertion that the trial court improperly charged a manufacturing defect, as opposed to a design defect, clearly did not prejudice defendant, even if this was error, since the evidence was overwhelming that the tiles were in fact defective. Further, while the court did not instruct the jury to apportion liability per se, the jury did so. Under no reasonable examination of the facts can the verdict sheet be construed as awarding a duplicative recovery. Clearly, the jury set forth separate figures for the damages suffered by plaintiff attributable to the conduct of each defendant separately. There was no instruction preventing the jury from doing so and, indeed, the jury's action was consistent with the charge as delivered. In any event, any error is unpreserved as to defendant Circle, and we do not discern any prejudice as to defendant Masonite. The remaining arguments are either

unpreserved or without merit. Concur—Carro, J. P., Milonas, Asch, Ellerin and Rubin, JJ.