■ Joseph Esposito, Respondent, et al., Plaintiff, v Metropolitan Transportation Authority et al., Defendants, and New York City Transit Authority et al., Appellants. [695 NYS2d 28] —Order, Supreme Court, New York County (Louis York, J.), entered on or about March 25, 1998, to the extent that it denied the motion of defendants New York City Transit Authority and Manhattan and Bronx Surface Transit Operating Authority to dismiss the complaint against them, unanimously affirmed, without costs, with leave to defendants to renew their application after further discovery.

On May 27, 1989, plaintiff Joseph Esposito, a New York City Police Officer, was instructed to count the number of demonstrators at an anti-abortion protest being staged at a clinic on 30th Street and Park Avenue South in the Borough of Manhattan. At approximately 7:30 A.M., while traveling northbound on Third Avenue, the motor scooter he was riding collided with a Jeep Grand Cherokee proceeding westbound through the intersection at 21st Street, allegedly against a red light. The complaint asserts that the officer's view of the intersection was blocked by double-parked New York City buses in the right lane of Third Avenue. The complaint alleges various violations of the Vehicle and Traffic Law, notably section 1202, which prohibits double parking and the obstruction of an intersection or crosswalk. The action of plaintiff Joanne Esposito was dismissed for failure to serve a notice of claim and is not a subject of this appeal.

It is not disputed that the buses were being used to transport members of the New York City Police Department and that the vehicles were located so that police officers could be quickly transported to the scene of the demonstration if the need arose. The identity of the agency that owned and operated the buses is in dispute, however. It is defendants' theory that the complaint should be dismissed because the injured plaintiff is unable to identify which entity is the owner and operator of the vehicle. While the record contains testimony by two police officers who agreed that the buses were operated by civilians, the officers differed as to whether the drivers were employees of the New York City Transit Authority or Manhattan and Bronx Surface Transit Operating Authority.

Plaintiff cross-moved to compel defendants to comply with his discovery demands. His counsel's affirmation states that defendant operating authorities "have failed to provide any discovery whatsoever in this action." In reply, defendants do

not address this point, but merely assert, without citation of authority, that the buses should be regarded as official police vehicles.

On appeal, defendants have abandoned this argument, taking the position that the operating authority has not been identified. They further contend that the buses were not being operated in violation of the Vehicle and Traffic Law because the drivers were acting under "the directions of a police officer" (Vehicle and Traffic Law § 1202 [a]).

Assuming, for the purposes of this appeal, that the scope of this statutory exception extends beyond a police officer involved in directing vehicular traffic, defendants have offered no evidence that operation of the buses was subject to the direction and control of any police officer. Thus, it is mere speculation to suggest that the decision to double park any particular bus was not that of its driver. In addition, the record contains no affidavit of any person employed by defendants or of any police officer to support defendants' contention that the drivers were special employees of the Police Department (*Thompson v Grumman Aerospace Corp.*, 78 NY2d 553, 557 ["usually a question of fact"]). In sum, the testimony that the buses were operated by civilian drivers employed by a transit operating authority remains uncontroverted.

In view of defendants' failure to comply with discovery requests, dismissal of this action would be premature. In reply to plaintiff's cross motion, defendants assert only that they have no additional report of the accident. They do not contend that they have no log identifying the buses assigned to transport police officers and the drivers assigned to operate those vehicles. As this information is in defendants' exclusive possession and control (CPLR 3212 [f]; *see, Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 506), summary judgment is not appropriate at this juncture. Concur—Sullivan, J. P., Nardelli, Mazzarelli, Rubin and Andrias, JJ.