■ JENNIFER GREENIDGE et al., Respondents-Appellants, v HRH CONSTRUCTION CORPORATION et al., Appellants-Respondents. [720 NYS2d 46] —Order, Supreme Court, New York County (Martin Schoenfeld, J.), entered on or about January 3, 2000, which granted that part of the motion by defendants HRH Construction Corporation, HRH Construction Corp. [*sic*] and HRH Construction, Inc. (collectively HRH) seeking summary judgment to the extent of dismissing plaintiffs' claims pursuant to Labor Law §§ 240 and 241, denied that part of the motion seeking dismissal of her claim for common law negligence asserted pursuant to Labor Law § 200, and denied her cross-motion for summary judgment against HRH, unanimously affirmed, without costs.

On May 21, 1993, while seated at her desk at the Plaza Hotel, where she worked as a telephone operator, Jennifer Greenidge (plaintiff) was struck on the head by a falling light fixture and rendered unconscious. The hotel had undergone extensive remodeling several years earlier, and plaintiff's affidavit of merit and affidavit in opposition to the motion to dismiss allege that she had regularly observed employees of defendant HRH performing renovations in the room where her desk was located. The complaint in this action was brought in 1996 and, according to the bill of particulars, seeks damages for violations of the Labor Law "including §§ 200, 240, 241 and/or 241-a" on behalf of Jennifer Greenidge and for loss of services on behalf of her husband.

Following joinder of issue, HRH moved for summary judgment dismissing the complaint, correctly noting that, upon completion of the construction work, Labor Law §§ 200, 240, and 241 (6) cease to be applicable to accidents at the work site. Relying on the proposition that a contractor is not responsible for the negligence of an independent contractor (*Goodman v 78 W. 47th St. Corp.*, 253 AD2d 384, 386), HRH asserted that "plaintiff cannot prove that HRH installed the lighting fixtures * * *. Furthermore, it is shear [*sic*] speculation for plaintiff or anyone else in this case to conjecture whether or not anyone tampered with the lighting fixture after HRH finished its construction work some two years before plaintiff's accident." Plaintiff opposed the motion and cross moved for summary judgment on the basis of res ipsa loquitur.

Supreme Court granted summary judgment dismissing plaintiff's Labor Law claims, and this ruling is not contested on appeal. As to the claim for common law negligence, the court entertained the cause of action as implicit in a claim pursuant to Labor Law § 200, which requires an employer to maintain a safe workplace (*Jock v Fien*, 80 NY2d 965, 967; *Paradise v Lehrer, McGovern & Bovis*, 267 AD2d 132, 134). However, the court denied plaintiff's cross motion, observing, "plaintiff has no proof that defendants caused or had notice of the defective condition" (citing *Dermatossian v New York City Tr. Auth.*, 67 NY2d 219, 226 [res ipsa loquitur requires instrumentality to be under exclusive control of defendant]). In support of its motion, HRH relied on the examination before trial of an employee, who identified Forest Electric as the subcontractor hired to perform the electrical work on the renovation project. However, Supreme Court concluded that plaintiff's attempts to secure evidence of the identity of the contractor that actually installed the lighting fixture or of any notice HRH might have had concerning the defective condition of the lighting fixture "has been greatly hampered by defendant's failure to provide any records of its renovation work." The court therefore decided that "the fairest course at this point is to permit this case [to] continue to trial" and thereby submit to the trier of fact the conflicting inferences of, on the one hand, conjecture concerning causation and notice by plaintiff and, on the other, spoliation of evidence by HRH.

We affirm. The accident resulting in injury to plaintiff—the inexplicable fall of a lighting fixture from the ceiling—is clearly one that does not ordinarily occur without negligence (*see*, *Cruz v 850 Third Ave. Ltd. Partnership*, 186 AD2d 4 [falling window]; *Dillenberger v 74 Fifth Ave. Owners Corp.*, 155 AD2d 327 [burst pipe]); however, as defendant points out, application of the res ipsa loquitur doctrine requires that "the instrumentality responsible for the injury be under the exclusive control of the party to be cast in negligence" (*Aetna Cas. & Sur. Co. v Island Transp. Corp.*, 233 AD2d 157, 158; *see also*, *Morris v Lenox Hill Hosp.*, 232 AD2d 184, 186, *affd* 90 NY2d 953 *for reasons stated below*). HRH is correct in its contention that plaintiff cannot establish either that HRH, as opposed to one of its subcontractors, installed the fixture or that no one tampered with the fixture subsequent to its installation. Thus, Supreme Court correctly denied plaintiff's motion for summary judgment. However, HRH further suggests that because plaintiff cannot sustain her theory of res ipsa loquitur, she cannot sustain a prima facie case of negligence against it and that Supreme Court therefore erred in denying its motion to dismiss.

While the argument advanced by HRH in support of its contention has a superficial plausibility, closer scrutiny reveals it to be disingenuous. As a starting point of the analysis, it is apparent that plaintiff sustained injury through no fault of her own. It is equally apparent that a lighting fixture does not fall onto the head of an unsuspecting employee engaged in her work without a serious defect in the method of its attachment. Thus, plaintiff should receive compensation for her injuries; the only question is from whom?

HRH does not contest that it was the general contractor in charge of the renovation project. Therefore, as between plaintiff, an altogether innocent party with no control over the installation of the lighting fixture, and HRH, the general contractor in control of any and all construction activity in connection with the renovation project, culpability rests on HRH. Principles of joint and several liability require that a party with even minimal culpability be held responsible to an innocent tort victim. As stated in *County of Westchester v Welton Becket Assocs.* (102 AD2d 34, 48, *affd* 66 NY2d 642), "An injured party is free to seek a 100% recovery against any individual wrongdoer among joint wrongdoers."

HRH is quite correct in its assertion that plaintiff has no proof that it, and not one of its subcontractors, installed the lighting fixture. Nor has plaintiff eliminated any question with respect to the possible negligence of her employer, the Plaza Hotel, in failing to properly use and maintain the fixture. However, at this juncture, no such obligation can be imposed upon her. Rather, it is "[t]he proponent of a summary judgment motion [who] must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to eliminate any material issues of fact from the case" (*Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853). The proponent must demonstrate entitlement to summary judgment "by producing evidentiary proof in admissible form" (*Zuckerman v City of New York*, 49 NY2d 557, 562). Nor is the burden of proof dependent in any way on the evidence supporting the opponent's case: " 'regardless of the sufficiency of the opposing papers,' " in the absence of admissible evidence sufficient to preclude any material issue of fact, summary judgment is unavailable (*Ayotte v Gervasio*, 81 NY2d 1062, 1063, quoting *Alvarez v Prospect Hosp.*, 68 NY2d 320, 324).

HRH has suggested that another entity, not a party to this action, may be responsible, in whole or in part, for plaintiff's injuries. However, it has steadfastly maintained that no records exist that would reveal which subcontractor performed

the renovation work in the room in which plaintiff was injured. The burden rests upon HRH to eliminate any question concerning its involvement in the installation of the lighting fixture. The conflicting affidavits concerning the presence of HRH employees in the room where plaintiff sustained her injuries merely raise a question of fact requiring resolution at trial. While plaintiff has not come forward with evidence to refute testimony that Forest Electric was generally responsible for performing electrical work, information concerning the scope of the subcontractor's duties as well as the extent to which it was subject to supervision by the general contractor is within the exclusive possession and control of defendant HRH (CPLR 3212 [f]; *see, Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 506 [summary judgment premature despite affidavit of defendant's employee disclaiming supervision of subcontractors]). Summary judgment is therefore unwarranted, particularly in view of the asserted absence of documentation concerning the subcontractors participating in the renovation project (*Esposito v Metropolitan Transp. Auth.*, 264 AD2d 370 [failure to identify owner-operator of bus]).

The apportionment of liability among alleged tortfeasors is a matter for trial, and where the record presents a question of fact concerning the relationship between the defendant and a party alleged to be responsible for the plaintiff's injuries, the "drastic remedy" of summary judgment is inappropriate (*Rotuba Extruders v Ceppos*, 46 NY2d 223, 231; *see, Carrion v Orbit Messenger*, 82 NY2d 742, 744, *affg* 192 AD2d 366). Should HRH wish to pursue its theories of liability against its subcontractors (or the hotel), it has the option to implead them and seek apportionment to the extent of their liability (CPLR 1007, 1401, 1403). Concur—Nardelli, J. P., Tom, Mazzarelli, Ellerin and Rubin, JJ.