■ ADVANCED RETAIL MARKETING, INC., Appellant-Respondent, v NEWS AMERICA MARKETING FSI, INC., Respondent-Appellant. [758 NYS2d 8] —Judgment, Supreme Court, New York County (Jane Solomon, J.), entered April 10, 2002, which, after a nonjury trial, awarded plaintiff the total amount of $5,537,511.44, including prejudgment interest from the date of the posttrial decision, but without an additional 1% as per the late payment provision in the underlying agreement, unanimously modified, on the law, to include prejudgment interest from December 30, 2001, and otherwise affirmed, without costs.

Plaintiff, as prevailing party in this action for breach of contract, is entitled to prejudgment interest (*see Delulio v 320-57 Corp.*, 99 AD2d 253, 254) "from the earliest ascertainable date the cause of action existed" (CPLR 5001 [b]; *155 Henry Owners Corp. v Lovlyn Realty Co.*, 231 AD2d 559, 560 [1996]). That date, under the facts at bar, is December 30, 2001, the date on which payment would have been due plaintiff after the end of the so-called "earn-out" period. The additional 1% amount sought by plaintiff is, however, unwarranted. The parties' agreement did not require such payment with certainty (*cf. Spodek v Park Prop. Dev. Assoc.*, 96 NY2d 577 [2001]), but only if payments were late. Accordingly, the additional amount sought by plaintiff would be duplicative of the interest awarded pursuant to statute.

Turning now to defendant's cross appeal, the trial court properly found that the parties' agreement implicitly required defendant to use its best efforts, as measured by objective criteria, in exploiting plaintiff's designs (*see Timberline Dev. v Kronman*, 263 AD2d 175, 178 [2000]), but that defendant instead chose to exploit a different, competing design it had acquired in a stock purchase contemporaneous with the launch of a machine based on plaintiff's design. The trial court's findings are supported by a fair view of the evidence (*see Thoreson v Penthouse Intl.*, 179 AD2d 29, 31 [1992], *affd* 80 NY2d 490 [1992]), and we will not disturb those findings simply because the evidence supporting the trial court's determination was contested (*see Daley v Related Cos.*, 236 AD2d 340 [1997], *lv denied* 90 NY2d 803 [1997]). The damages award was reasonably premised upon the estimate that defendant would have reached $150,000,000 in gross earnings by exploiting plaintiff's design over the five-year earn-out period, since evidence showed that defendant earned three times that much by choosing to exploit the competing technology during the same period. Thus, there is a legitimate connection between the proof and

the trial court's award (*see J.R. Loftus, Inc. v White*, 85 NY2d 874, 877 [1995]).

We have considered defendant's remaining arguments for affirmative relief and find them unavailing. Concur—Nardelli, J.P., Saxe, Sullivan and Ellerin, JJ.