■ VICTORIA T. GEORGE et al., Appellants, v NEW YORK CITY TRANSIT AUTHORITY, Respondent. [761 NYS2d 182] —Order, Supreme Court, New York County (Robert Lippmann, J.), entered on or about March 22, 2002, granting defendant's motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, the motion denied and the complaint reinstated.

Plaintiff was injured as she descended from an elevated subway station during rush hour when she allegedly stepped onto a concrete step from which a chunk of concrete was missing, whereupon she twisted her foot, fracturing it. She claims that the stairway was crowded and she was looking ahead rather than down as she started to descend. The absence of a significant portion of the corner of the step is readily apparent in photographs submitted by plaintiff.

Although the motion court dismissed on notice grounds in that defendant indicated that it had received no complaints of accidents on that step during the prior year, defendant did not provide proof that inspections had been conducted during that time period or, in fact, that accidents had not been reported prior to that time, especially in view of the possibility that this was not a new defect. Defendant in moving for summary judgment failed to meet its burden of establishing the absence of notice as a matter of law (*Zuckerman v City of New York*, 49 NY2d 557 [1980]). Hence, an issue of fact is raised regarding whether defendant had constructive notice of the defect by virtue of it having been "visible and apparent and [in existence] for a sufficient length of time prior to the accident to permit defendant's employees to discover and remedy it" (*Gordon v American Museum of Natural History*, 67 NY2d 836, 837 [1986]). Moreover, insofar as plaintiff had not had an opportunity to depose defendant, and defendant had not yet responded to her discovery requests regarding whether defendant or its employees were in possession of any work reports, work orders, or complaints regarding this alleged defect, whether defendant regularly inspected these steps, and when inspections were conducted, the grant of the motion was premature (*Esposito v Metropolitan Transp. Auth.*, 264 AD2d 370 [1999]). Nor can we find that this alleged defective step with a piece of concrete missing, in an area heavily traveled by pedestrians, especially during peak transportation time periods, when a pedestrian might be expected to be looking ahead instead of down to the flooring, is, under the circumstances of this case, trivial as a matter of law (*Argenio v Metropolitan Transp. Auth.*, 277 AD2d 165 [2000]). Concur—Tom, J.P., Mazzarelli, Ellerin, Lerner and Marlow, JJ.