■ ELLEN BROOKS, Respondent, v SOMERSET SURGICAL ASSOCIATES et al., Appellants. [966 NYS2d 65]—

Order, Supreme Court, New York County (Alice Schlesinger, J.), entered September 15, 2011, which, to the extent appealed from as limited by the briefs, denied defendants' motion for summary judgment dismissing the complaint as against defendant Dr. Norman Sohn, M.D., and to dismiss the action pursuant to CPLR 3215 (c) as against defendant Somerset Surgical Associates, P.C., unanimously affirmed, with costs.

Plaintiff alleges she was injured when she fell from an operating table while under anesthesia for procedures being performed at defendants' medical facility. Although Dr. Sohn submitted an affidavit stating he was not present at the moment of plaintiff's fall, his motion for summary judgment was properly denied as premature, because essential facts concerning the cause of

plaintiff's accident and the relationship between Dr. Sohn and defendant Somerset are exclusively within the possession of defendants and might well be disclosed by examination before trial or through cross-examination (*see* CPLR 3212 [f]; *Baldasano v Bank of N.Y.*, 199 AD2d 184, 185 [1st Dept 1993]). Moreover, the existing record, including the consent form indicating that plaintiff would be treated only by Dr. Sohn, raises questions of fact, which preclude summary judgment (*see Aetna Cas. & Sur. Co. v Island Transp. Corp.*, 233 AD2d 157, 158 [1st Dept 1996]; *Greenidge v HRH Constr. Corp.*, 279 AD2d 400, 403 [1st Dept 2001]). Further, Dr. Sohn's affidavit did not address his potential liability as shareholder of a professional corporation, responsible for supervision of the office staff and for implementation of office policy and procedure (*see Yaniv v Taub*, 256 AD2d 273, 274-275 [1st Dept 1998]).

The court properly exercised its discretion in denying defendant Somerset's motion to dismiss the complaint as against it as abandoned. Plaintiff demonstrated she did not intend to abandon the action, but rather had been in discussions with the insurance carrier and had engaged in discovery proceedings, and thus offered a reasonable excuse for the delay, and demonstrated that the complaint is potentially meritorious (*see Laourdakis v Torres*, 98 AD3d 892, 893 [1st Dept 2012]; *Iorizzo v Mattikow*, 25 AD3d 762, 763 [2d Dept 2006]; *Corbin v Wood Pro Installers*, 184 AD2d 234 [1st Dept 1992]). Defendant Somerset has not argued that it was prejudiced by the delay in seeking a default against it (*see Hinds v 2461 Realty Corp.*, 169 AD2d 629, 632 [1st Dept 1991]). Concur—Mazzarelli, J.P., Andrias, DeGrasse, Freedman and Manzanet-Daniels, JJ. **[Prior Case History: 2011 NY Slip Op 32726(U).]**