13-2048-cv
Wells Fargo Bank, N.A. v. Nat'l Gasoline, Inc.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 29th day of August, two thousand fourteen.

PRESENT:  REENA RAGGI,
          DENNY CHIN,
          SUSAN L. CARNEY,
                    *Circuit Judges*.
------------------------------------------------------------------------
WELLS FARGO BANK, N.A.,
          *Plaintiff-Counter-Defendant-Appellee,*

          v.                                        No. 13-2048-cv

NATIONAL GASOLINE, INC., CHAIM LAX, DAVID RISHTY, MAIRA RISHTY, SHLOMO ARJE aka MICHAEL ARJE,
          *Defendants-Counter-Claimants-Counter-Defendants-Appellants*,

NATIONAL GASOLINE WHOLESALE, LLC, LEAHS EQUITIES, INC.,
          *Defendants-Counter-Claimants-Counter-Defendants*,

86 GAS CORP., BAISLEY GAS CORP., MELROSE GAS CORP., 111TH STREET GAS CORP., NEPTUNE OIL CORP., 100 ROCKAWAY GAS CORP., COOPER GAS

1

CORP., 2061 GAS CORP., 8521 GAS CORP., FOREST
GAS CORP., DOE, INC., 1 THROUGH 10, JOHN
AND/OR JANE DOES, 1 THROUGH 10, 971 GAS
CORP., SUN FUEL CORP., 2509 GAS CORP.,
IRVINGTON OIL CORP., FLATBUSH OIL CORP.,
WRIGHTSTOWN GAS CORP., CATON GAS CORP.,
SUPERIOR GAS, INC., 31ST GAS CORP.,
               *Defendants-Counter-Claimants.*[*]

--------------------------------------------------------------------

FOR APPELLANTS:            Eric D. Cherches, Law Offices of N. Richard Wool,
                           Plainview, New York.

FOR APPELLEE:              Jeremy S. Friedberg, Leitless Friedberg PC, Baltimore,
                           Maryland; Todd Strassberg, Strassberg & Strassberg
                           PC, New York, New York.

Appeal from a judgment of the United States District Court for the Eastern District

of New York (Ramon E. Reyes, Jr., *Magistrate Judge*).[1]

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED,

AND DECREED that the judgment entered on May 3, 2013, is AFFIRMED.

In this diversity action, appellants appeal from an award of damages for breach of

contract and conversion entered following summary judgment as to liability and a bench

trial as to joint and several liability and damages. Defendant Maira Rishty argues that the

district court erred in holding her jointly and severally liable for the full amount of the

conversion judgment, and all appellants challenge the prejudgment interest calculation on

---

[*] The Clerk of Court is directed to amend the official caption as shown above.

[1] Pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, the parties consented to a
magistrate judge conducting all proceedings in this matter, including the entry of a final
judgment.

2

the conversion award.[2] We review a district court's factual findings after a bench trial for clear error and its conclusions of law de novo. See Tiffany (NJ) Inc. v. eBay Inc., 600 F.3d 93, 96 (2d Cir. 2010). We assume the parties' familiarity with the facts and record of the underlying proceedings, which we reference only as necessary to explain our decision to affirm.

1.      Joint and Several Liability

The district court found Maira Rishty and her co-defendants jointly and severally liable for conversion based on concerted action, a theory of collective liability recognized by New York "based on the principle that '[a]ll those who, in pursuance of a common plan or design to commit a tortious act, actively take part in it, or further it by cooperation or request, or who lend aid or encouragement to the wrongdoer . . . are equally liable with him.'" Pittman by Pittman v. Grayson, 149 F.3d 111, 122 (2d Cir. 1998) (quoting Bichler v. Eli Lilly & Co., 55 N.Y.2d 571, 580, 450 N.Y.S.2d 776, 780 (1982)).[3] A party asserting concerted action must demonstrate by a preponderance of the evidence "(1) an express or tacit agreement 'to participate in a common plan or design to commit a tortious act,' (2) tortious conduct by each defendant, and (3) the commission by one of the defendants, in pursuance of the agreement, of an act that constitutes a tort." Id. (quoting Rastelli v.

[2] In their page-proof brief, defendants also argued that the district court improperly sealed certain settlements in related cases. Defendants abandon this argument in their final-form brief, noting that it was rendered moot by a subsequent district court order. Accordingly, we do not address this issue. See Haley v. Pataki, 60 F.3d 137, 140 (2d Cir. 1995).

[3] The parties do not dispute that New York law applies here because it is the law of the forum state. See Bank of N.Y. v. Amoco Oil Co., 35 F.3d 643, 650 (2d Cir. 1994).

3

Goodyear Tire & Rubber Co., 79 N.Y.2d 289, 295, 582 N.Y.S.2d 373, 375 (1992)); see D'Elia v. 58-35 Utopia Parkway Corp., 43 A.D.3d 976, 978, 843 N.Y.S.2d 339, 341 (2d Dep't 2007). Further, he must prove defendant's knowledge of "the wrongful nature of the primary actor's conduct." Pittman by Pittman v. Grayson, 149 F.3d at 123 (citing Nat'l Westminster Bank USA v. Weksel, 124 A.D.2d 144, 147, 511 N.Y.S.2d 626, 629 (1st Dep't 1987)).

Maira Rishty argues that there was insufficient evidence to prove that she entered into a "common plan" to convert property of plaintiff Wells Fargo Bank, N.A. ("Wells Fargo"). We identify no clear error in the district court's factual findings to the contrary, nor, on de novo review, do we identify error in its legal conclusions. The record supports the district court's findings that Maira Rishty had ownership interests in many of the defendant-affiliated entities deliberately not disclosed to Wells Fargo prior to the loan originating, resulting in fraudulent collateral information. These same entities then served as conduits for Wells Fargo's converted funds. Indeed, Maira Rishty was the sole person authorized to use the bank account for one of these entities, 31st Gas Corp. The evidence further supports the inference that Maira Rishty ratified the fraudulent scheme by signing her 2009 tax returns, thereby demonstrating her acceptance of the converted funds from Wells Fargo and her knowledge of the fraudulent scheme. See In re Dana Corp., 574 F.3d 129, 153 (2d Cir. 2009) ("[C]oncerted action . . . liability may also be imposed on one who . . . knowing of a tort committed for [her] benefit, ratifies it."). Thus, the evidence was sufficient to support the district court's post-trial finding that "it is more likely than not that

4

[Maira Rishty] knew of the scheme and intended to profit from the conversions." Wells Fargo Bank, N.A. v. Nat'l Gasoline, Inc., No. 10 Civ. 1762 (RER), 2013 WL 1822288, at *7 (E.D.N.Y. Apr. 30, 2013).

Maira Rishty's argument that she is immune from joint and several liability because she allegedly received only $9,000 of the converted funds is similarly unavailing. Under New York law, joint and several liability is a question of law that is not related to the factual apportionment of fault among defendants. See Rovo by Ravo v. Rogatnick, 70 N.Y.2d 305, 313, 520 N.Y.S.2d 533, 538 (1987). Indeed, "[p]rinciples of joint and several liability require that a party with even minimal culpability be held responsible to an innocent tort victim." Greenidge v. HRH Constr. Corp., 279 A.D.2d 400, 402, 720 N.Y.S.2d 46, 48–49 (1st Dep't 2001); see also Westchester Cnty. v. Welton Becket Assocs., 102 A.D.2d 34, 48, 478 N.Y.S.2d 305, 315 (2d Dep't 1984) ("An injured party is free to seek a 100% recovery against any individual wrongdoer among joint wrongdoers."). We conclude only that the district court did not err in imposing joint and several liability on Maira Rishty. We express no view as to whether she might seek contribution from other defendants.

2.    Calculation of Prejudgment Interest

Defendants argue that the district court should have imposed prejudgment interest for the conversion claim at an annual rate of 5% rather than 9%.[4]   "The award of interest is generally within the discretion of the district court and will not be overturned on appeal

---

[4] The district court also awarded prejudgment interest on the contract claim but defendants do not challenge that ruling on appeal.

5

absent an abuse of that discretion." New Eng. Ins. Co. v. Healthcare Underwriters Mut. Ins. Co., 352 F.3d 599, 602–03 (2d Cir. 2003). "New York law does not permit the trial court to exercise any discretion where a party is entitled to [prejudgment] interest as a matter of right." Id. Here, New York law expressly provides for the award of prejudgment interest in conversion and breach of contract cases as a matter of right. See N.Y. C.P.L.R. § 5001(a); Advanced Retail Mktg., Inc. v. News Am. Mktg. FSI, Inc., 303 A.D.2d 231, 231, 758 N.Y.S.2d 8, 9 (1st Dep't 2003) (breach of contract); Eighteen Holding Corp. v. Drizin, 268 A.D.2d 371, 372, 701 N.Y.S.2d 427, 428 (1st Dep't 2000) (conversion). The statutory interest rate for these actions is 9% per annum. See N.Y. C.P.L.R. § 5004. Thus, the district court acted well within its discretion in using the statutorily-imposed 9% interest rate.

Defendants argue, nevertheless, that the district court erred in determining that prejudgment interest began to accrue on February 6, 2010, rather than on April 13, 2010, the date on which Wells Fargo formally notified defendant National Gasoline Wholesale, Inc. ("National Gasoline") of its default. New York law provides, however, that where "'damages were incurred at various times, interest shall be computed upon each item from the date it was incurred or upon all of the damages from a single reasonable intermediate date.'" U.S. Fid. & Guar. Co. v. Braspetro Oil Servs. Co., 369 F.3d 34, 78 (2d Cir. 2004) (emphasis in original) (quoting N.Y. C.P.L.R. § 5001(b)). District courts are afforded "wide discretion" in determining a reasonable intermediate date from which to calculate prejudgment interest. Conway v. Icahn & Co., Inc., 16 F.3d 504, 512 (2d Cir. 1994)

6

(citing N.Y. C.P.L.R. § 5001(b)). Here, the district court found that Wells Fargo's damages began when the first conversion took place on September 9, 2009 (the date defendants first transferred accounts receivable funds that they were supposed to hold in trust for Wells Fargo) and continued until August 6, 2010. We identify no clear error in this finding.

In urging otherwise, defendants rely on D'Amico v. First Union National Bank, 285 A.D.2d 166, 172, 728 N.Y.S.2d 146, 151 (1st Dep't 2001), for the proposition that no conversion can take place before a demand for the money was refused. As that case makes clear, however, it is only "where the original possession is lawful, [that] a conversion does not occur until after a demand and refusal to return the property." Id. Here, by contrast, defendants never lawfully transferred Wells Fargo's funds out of the trust account. Accordingly, the district court acted well within its "wide discretion" in choosing February 6, 2010, as the reasonable midpoint date from which to calculate interest. Conway v. Icahn & Co., 16 F.3d at 512.

We have considered all of defendants' remaining arguments and conclude that they are without merit. The judgment of the district court is hereby AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court

7