Bloom v Helmsley Spear, LLC (2025 NY Slip Op 01999)

Bloom v Helmsley Spear, LLC

2025 NY Slip Op 01999

Decided on April 03, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 03, 2025

Before: Manzanet-Daniels, J.P., Moulton, Gesmer, Pitt-Burke, Michael, JJ. 

Index No. 654990/19|Appeal No. 4038|Case No. 2024-00245|

[*1]Scott M. Bloom et al., Plaintiffs-Respondents,
v
Helmsley Spear, LLC, Defendant-Appellant.

Greenspoon Marder LLP, New York (James J. McGuire of counsel), for appellant.
Bushell, Sovak, Kane & Sash LLP, New York (Alan E. Sash of counsel), for respondents.

Judgment, Supreme Court, New York County (Jennifer G. Schecter, J.), entered January 11, 2024, awarding plaintiffs the total amount of $795,480.96, pursuant to orders, same court and Justice, entered September 14, 2023, and November 15, 2023, respectively, which granted plaintiffs' motion for summary judgment on their breach of contract claim and denied defendant's cross-motion for summary judgment dismissing the claim, unanimously affirmed, with costs.
This Court declines to consider defendant's argument, made for the first time on appeal, that the motion court improperly granted plaintiffs' summary judgment motion on their breach of contract claim based on the parties' Independent Agent Agreement (IAA) because it was not pleaded in the complaint. Consideration of this argument requires a factual inquiry into not only the IAA, but also the proof supporting the breach of contract cause of action, and whether defendant was "misled to its prejudice" based on the unpleaded IAA (Weinstock v Handler, 254 AD2d 165, 166 [1st Dept 1998]). Thus, the argument is not properly considered for the first time on appeal (see Diarrassouba v Consolidated Edison Co. of N.Y. Inc., 123 AD3d 525 [1st Dept 2014]). To the extent defendant noted before the motion court that plaintiffs did not plead the IAA in the complaint, defendant did so in only cursory fashion, which was insufficient to preserve the argument (see Bellevue S. Assoc. v HRH Constr. Corp., 160 AD2d 189, 190 [1st Dept 1990], affd in part, revd in part, 78 NY2d 282 [1991]).
Defendant failed to specifically plead the affirmative defense that plaintiff Scott Bloom did not satisfy a condition precedent to receiving his commissions by submitting a pending deals list, thereby waiving the defense (Capital One, N.A. v Saglimbeni, 170 AD3d 508, 508 [1st Dept 2019]). Moreover, this condition precedent defense was pursuant to the unpleaded IAA, not the related Terms of Joining Agreement (TOJ) referenced in the complaint. Given that a condition precedent affirmative defense shall be pleaded with particularity (see CPLR 3015[a]), defendant's failure to do so placed special prejudice on plaintiffs, who were unaware of defendant's intention to use the defense until discovery closed (cf. Bautista v Archdiocese of N.Y., 164 AD3d 450, 451 [1st Dept 2018]). Even if defendant had not waived this defense, paragraph 15 of the IAA, stating that Bloom "will supply" defendant with a pending deals list within five days of the agreement's termination, especially when read in the context of the paragraph as a whole, constituted a contractual promise, not a condition precedent precluding Bloom's entitlement to his commissions (see Parlux Fragrances, LLC v S. Carter Enters., LLC, 204 AD3d 72, 85 [1st Dept 2022]).
The motion court also properly declined defendant's request, improperly made for the first time as a footnote in its motion reply papers, to amend its answer (see Dannasch v Bifulco, 184 AD2d 415, 417 [1st Dept 1992]). While [*2]a court may grant a request to amend a pleading absent a formal motion where "the amendment will not result in prejudice to any [plaintiff] and is not futile" (Anonymous v Anonymous, 165 AD3d 19, 31 [1st Dept 2018]), here, the motion court correctly concluded that plaintiffs would have been prejudiced by the amendment, made at the end of discovery.
The motion court properly declined to use the "procuring cause" standard in determining whether Bloom was entitled to a brokerage commission on the deals he did not close. Both the TOJ and the IAA allowed Bloom to collect fees on deals in which he "participate[d] as an agent" (see generally Corcoran Group v Morris, 107 AD2d 622, 623 [1st Dept 1985], affd 64 NY2d 1034 [1985]).
Furthermore, the motion court properly granted prejudgment interest on the 170 Broadway deal based on "the earliest ascertainable date the cause of action existed" (CPLR 5001[b]; see Advanced Retail Mktg. v News Am. Mktg. FSI, 303 AD2d 231, 231 [1st Dept 2003]), which was when Bloom was owed, but not paid, his proportionate share of commissions that defendant received on February 1, 2019. The motion court also properly awarded prejudgment interest on Bloom's unpaid share of the China Ting and WeWork deals, accruing from the dates defendant was due to receive commissions for those deals (see CAS Mktg. & Licensing Co. v Jay Franco & Sons, Inc., 188 AD3d 522, 523 [1st Dept 2020]).
We have considered defendant's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 3, 2025