Southerland v Tavern (2025 NY Slip Op 05177)

Southerland v Tavern

2025 NY Slip Op 05177

Decided on September 25, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: September 25, 2025

Before: Scarpulla, J.P., Friedman, González, Shulman, Rosado, JJ. 

Index No. 156721/20|Appeal No. 4762|Case No. 2024-07925|

[*1]Chee-Chee Mae Southerland, Plaintiff-Respondent,
v
Sister Jane Tavern, Defendant, Keith Zachary Latimer, Defendant-Appellant.

C.S Cardillo, P.C., New York (Christopher S. Cardillo of counsel), for appellant.
Caitlin Robin & Associates, PLLC, New York (Emma J. Wiegand of counsel), for respondent.

Order, Supreme Court, New York County (Leslie A. Stroth, J.), entered on or about November 15, 2024, which, to the extent appealed from, denied defendant Keith Zachary Latimer's motion to dismiss the complaint pursuant to CPLR 3126 on the ground that plaintiff committed fraud upon the court, for summary judgment dismissing the complaint, or to preclude plaintiff from introducing any evidence at trial concerning the alleged injury to her neck, and for an award pursuant to 22 NYCRR 130-1.1 of legal fees, costs, and disbursements, unanimously affirmed, with costs.
The court providently exercised its discretion in denying defendant's motion to dismiss the complaint on the ground that plaintiff committed a fraud upon the court. Defendant's contention that plaintiff forfeited her claims is unsupported by clear and convincing evidence that she engaged in a willful and pervasive scheme to defraud the court such that defendant's ability to defend against the claims was prejudiced (see Napoli v Bern, 171 AD3d 489, 489-490 [1st Dept 2019]). That plaintiff commenced this action, which alleges that defendant's assault caused, among other injuries, an injury to her hand, and then two years later commenced a separate action against the owners of the building where the alleged assault occurred claiming that the hand injury was caused by a defective window, does not establish that plaintiff willfully engaged in deceitful and obstructionist conduct designed to undermine the integrity of this proceeding (see CDR CrÉances S.A.S. vCohen, 23 NY3d 307, 318 [2014]).
There is no evidence that, in responding to defendant's discovery demands, plaintiff intentionally concealed that she commenced the second action against the building owners. Defendant demanded information regarding collateral sources but never requested information as to whether there were any other pending actions related to the incident. Moreover, plaintiff acknowledged in a deposition that she had commenced the second action.
Contrary to defendant's contention, his motion to preclude plaintiff from offering any evidence regarding her neck injury was properly denied because the bill of particulars alleged that plaintiff sustained "mild right lateral neck pain" as a result of the assault. That plaintiff submitted no medical records to support that claim does not require a different result.
Defendant's claim that plaintiff's alleged reaggravation of a prior neck injury during the alleged assault constitutes a new injury that should have been precluded is unavailing. A party may amend its bill of particulars once as of course before the filing of the note of issue (CPLR 3042 [b]). Plaintiff has not yet served an amended bill of particulars, and the note of issue has not been filed. Furthermore, plaintiff should not be precluded from offering evidence concerning her hand injury at trial merely because she attributed the injury to the building owners' negligence in the second action, because "an injured party is free to seek a 100% recovery against any individual wrongdoer among joint wrongdoers" (Greenidge v HRH Constr. Corp., 279 AD2d 400, 402 [1st Dept 2001] [internal quotation marks omitted]).
The court providently exercised its discretion in denying defendant's request for legal fees, costs, and disbursements pursuant to 22 NYCRR 130-1.1. Defendant did not show that plaintiff's filing of a separate negligence action against the building owners was completely without merit in law, that plaintiff's conduct was undertaken primarily to delay or prolong the resolution of the litigation or to harass or maliciously injure defendant, or that plaintiff made any false statements.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: September 25, 2025