■ MAE HEALY, Respondent, v. MURRAY A. CHANIN, Appellant, et al., Defendant.— In an action to recover damages for personal injuries, the appeal is from a judgment in favor of the respondent entered after trial before the court without a jury. The respondent, a woman 69 years of age, was injured when, in the dark, she walked off the side of the front stoop of premises owned by the appellant, instead of down the steps as she intended. She had been visiting her daughter, a tenant in the building. At the trial appellant conceded that the premises were a multiple dwelling and that there was no outside light or guardrailings on the stoop. Judgment reversed, without costs, and a new trial granted. No statute or ordinance was shown to have been violated. In the absence of proof of when the premises in question were erected or converted, there was no basis for a determination that appellant had violated the Building Code of the Village of Hempstead (ch. 2, art. 2, § 3, subd. 10) or section 62 of the Multiple Dwelling Law. However, the failure of proof in that respect appears to have been due to a misunderstanding as to the effect of an admission by appellant in his answer and the concession made by counsel on the trial that the premises in question were a multiple dwelling under the Muliple Dwelling Law. In view of that admission and concession, which we do

not read as admitting the applicability of section 62 of the Multiple Dwelling Law, the learned Trial Justice was apparently of the opinion that no proof was necessary as to the date of construction or conversion of the building and so indicated. As a result thereof and of the apparent acquiescence of appellant's counsel in the views expressed by the trial court, respondent's attorney abandoned his effort to produce such proof. We do not now determine whether or not a cause of action was made out on the theory that appellant had breached his common-law duty to maintain the premises in a reasonably safe condition, since we are unable to determine from the record the basis for the determination made by the trial court. A new trial is granted so that respondent may, if possible, establish her cause of action based on violation of the village building code and the Multiple Dwelling Law. Since there is to be a new trial, we call attention to the necessity of compliance, before the entry of judgment, with the provisions of section 440 of the Civil Practice Act (see *Mason* v. *Lory Dress Co.*, 277 App. Div. 660, 664, 666). Nolan, P. J., Beldock, Murphy and Ughetta, JJ., concur; Kleinfeld, J., not voting.