■ ANTHONY CHANLER, Appellant, v ESKANDER MANOCHERIAN et al., Respondents and Third-Party Plaintiffs-Respondents. DIC-UNDERHILL INDUSTRIES, Joint Venture, Third-Party Defendant-Respondent.—Judgment of the Supreme Court, New York County (S. Barrett Hickman, J.), entered on August 16, 1988, which, following a jury trial, dismissed the action and third-party action, is unanimously reversed on the law, the complaint and third-party complaint reinstated and the matter remanded for a new trial, with costs and disbursements.

This action arises out of injuries suffered by plaintiff Anthony Chanler on May 29, 1979 at approximately 11:00 P.M. as he was walking past a building under construction on First Avenue between 70th and 71st Streets in Manhattan. The project in question was owned and managed by Trans World Equities Company, a partnership consisting of the individually named defendants. According to plaintiff, he was proceeding lawfully along First Avenue when he approached the corner of 70th Street. Noticing that the sidewalk in front of the construction site had been broken up and that wooden barriers had been placed on First Avenue, he was compelled to step out into the street where he was struck by a barricade and knocked to the sidewalk after a passing automobile had collided with the barricade, splintering it. Plaintiff alleges that none of the barricades, erected by third-party defendant, Dic-Underhill Industries, Joint Venture, was equipped with lights, reflectors or flags as required by the applicable statutes, ordinances and municipal regulations. It is, moreover, plaintiff's contention that defendants failed to use reasonable care to ensure that pedestrians and vehicles traveling along First Avenue would not be placed in a dangerous situation.

Following a trial conducted in connection with the instant matter, the jury found in favor of defendants and against plaintiff. On appeal, plaintiff challenges three evidentiary rulings made by the trial court, all of which were clearly erroneous, and, consequently, he is entitled to have his com-

plaint reinstated and a new trial directed. In that regard, plaintiff urges that the court was obliged to take judicial notice of the relevant statutes, municipal ordinances and regulations and charge the jury accordingly, that it was an abuse of discretion to exclude expert testimony relating to the standards and requirements of street obstructions and that a certified New York City construction permit and accompanying official papers should have been admitted as prima facie evidence of such record. Specifically, the court declined to take judicial notice of Administrative Code of the City of New York §§ 27-1020, 27-1021, 27-1023, 692-6.0 (now § 19-106) and 692-7.0 (now § 19-107), or to instruct the jury concerning these ordinances. The trial court also precluded plaintiff from calling an expert witness to testify as to the standards and practices that a building contractor must comply with in order to protect the safety of pedestrians and vehicles, and finally, the court rejected plaintiff's attempt to introduce a duly certified copy of defendants' construction permit and application, the original of which was in the archives of the City of New York.

CPLR 4511 (a) states that "[e]very court shall take judicial notice without request of the common law, constitutions and public statutes of the United States and of every state, territory and jurisdiction of the United States and of the official compilation of codes, rules and regulations of the state * * * and of *all local laws and county acts*" (emphasis added). The refusal to take judicial notice of pertinent laws and regulations constitutes reversible error *(see, Howard Stores Corp. v Pope,* 1 NY2d 110). Contrary to the determination of the trial court, the ordinances which plaintiff requested be brought to the jury's attention were not inapplicable to the circumstances presented herein. Consequently, Administrative Code § 27-1020 provides that: "The requirements of the department of transportation shall apply with regard to the closing of streets or to the obstruction of any part thereof, except as hereinafter provided. Building department personnel are authorized to consider failure to display a current department of transportation permit for any street or sidewalk closing or obstruction not authorized by this code as a violation of this section; and to direct removal thereof."

Administrative Code § 27-1021 deals with the type of safeguards necessary for the protection of sidewalks which are not officially closed to the public during construction operations. Pursuant to section 27-1023:

"(a) Obstructions and openings. Where a material pile or other obstruction, or an excavation, opening, or other hazard

is located in, or adjacent to, a way open for use by persons other than workmen, such hazard shall be indicated by * * * red lanterns, red lights, oil flares, flashing beacons, lighted signs, or equivalent devices from sunset to sunrise. * * *

"(c) Vehicular traffic. Whenever any work is being performed over, on, or in close proximity to a highway, street, or similar public way, control and protection of traffic shall be provided by barricades, signals, signs, flagmen, or other devices, equipment, and personnel in accordance with the requirements and standards of the department of transportation."

Administrative Code § 692-6.0 (now § 19-106) states at subdivision (c) that "[a]t twilight, there shall be placed upon each such railing or fence, and upon building materials, posts, poles, pipes or other obstructions in any street, suitable and sufficient lights, which shall be kept burning through the night during the existence of the obstruction." According to section 692-7.0 (now § 19-107), a party performing work under section 192-6.0 (§ 19-106), either under contract with the city or because of permission obtained from a city agency, "shall be answerable for any damage which may be occasioned to persons, animals or property by reason of carelessness in any manner connected with the work." Although plaintiff also refers to certain sections of the New York City Building Code (Administrative Code §§ C26-1901.4, C26-1901.5, C26-1901.7), these provisions appear to be simply duplicative of Administrative Code §§ 27-1020, 27-1021 and 27-1023, and, indeed, the former have been redesignated with the latter numbers. It should also be noted that notwithstanding plaintiff's assertion that no notice was taken of relevant municipal regulations, no such regulations are actually cited in the brief on appeal. However, the fact remains that Administrative Code §§ 27-1020, 27-1021, 27-1023, 692-6.0 (now § 19-106) and 692-7.0 (now § 19-107) are pertinent to plaintiff's claims that his injuries were caused by defendants' neglect in placing the mandated barriers, guards and lighting and other safety devices around the premises under construction. The trial court should, therefore, have taken judicial cognizance of these provisions and instructed the jury concerning their meaning and application. Moreover, the failure to do so deprived plaintiff of a fair trial, and this error alone is sufficient to require reversal of the judgment.

Not only did the court improperly prevent the jury from being apprised of the relevant law, but it compounded the error by disallowing expert testimony as to the common

standards and requirements applicable to the placement of barriers in a public passageway. The jury was, therefore, kept entirely uninformed of both the statutory mandates and general practices attendant upon rendering the sidewalks and streets surrounding a construction site safe to pedestrians and vehicular traffic. In *De Long v County of Erie* (60 NY2d 296, 307), the Court of Appeals explained that "[a]s a general rule the admissibility of expert testimony on a particular point is addressed to the discretion of the trial court *(Selkowitz v County of Nassau,* 45 NY2d 97). The guiding principle is that expert opinion is proper when it would help clarify an issue calling for professional or technical knowledge, possessed by the expert and beyond the ken of the typical juror". Since the expert whom plaintiff proposed to call as a witness would have been able to elucidate the subject of safety standards and traffic management, it was an inappropriate exercise of discretion to bar him from taking the stand.

Finally, plaintiff objects to the fact that the court refused to admit into evidence a copy of defendants' construction permit and accompanying application despite having been certified as such by the custodian of these records. It is instructive that CPLR 4540 (a) states that "[a]n official publication, or a copy attested as correct by an officer or a deputy of an officer having legal custody of an official record of the United States or of any state, territory or jurisdiction of the United States, or of any of its courts, legislature, offices, public bodies or boards is prima facie evidence of such record." While the court apparently concluded that the documents in question had not been adequately authenticated and were, thus, not the best available evidence, CPLR 4540 (a), in effect, excepts official records from the mandates of the best evidence rule *(see also,* CPLR 4518 [c]). Further, plaintiff herein had subpoenaed the original from the City of New York, which had not produced the items sought by the time of trial. Under all of these circumstances, the court should have allowed the certified copies, particularly since the contents of a document "may be proved by secondary evidence if the absence of the original writing can be satisfactorily accounted for" *(Dependable Lists v Malek,* 98 AD2d 679, 680). Concur—Carro, J. P., Milonas, Wallach, Smith and Rubin, JJ.