(June 8, 1993)

■ IRENE ROSS et al., as Coexecutors of MURIEL RICH, Deceased, Respondents, v MANHATTAN CHELSEA ASSOCIATES et al., Appellants. [598 NYS2d 502] —Judgment, Supreme Court, New York County (Robert Lynch, J.), entered July 25, 1991, which, following a jury trial, awarded plaintiffs damages in the amount of $633,524.86, and which (1) required defendants Blaustein, LeBlang, Kaplan and Comprehensive Foot Care to indemnify defendant Manhattan Chelsea, and (2) required defendants LeBlang, Kaplan and Comprehensive Foot Care to indemnify defendant Blaustein, unanimously modified, on the law, to the extent of ordering a new trial on the issues of liability and damages, without costs.

Appeal from the judgment, Supreme Court, New York County (Patrick D. Monserrate, J.), entered on September 4, 1991, unanimously dismissed as abandoned. Appeal from the order, Supreme Court, New York County (Patrick D. Monserrate, J.), entered August 20, 1991, is dismissed as superseded by the appeal from the aforesaid judgment.

Plaintiffs brought this personal injury action against the landlord, tenant and subtenants of premises where the decedent tripped and fractured her hip. Manhattan Chelsea's

predecessor in title, Matel Management Co., leased the professional office space to Dr. Harry Blaustein, who in turn, subletted the premises to Drs. LeBlang and Kaplan, doing business as Comprehensive Foot Care (hereinafter "LeBlang/Kaplan"). There was a bifurcated trial in which the jury rendered a judgment in favor of plaintiffs and apportioned liability between Manhattan Chelsea and LeBlang/Kaplan at 57% and 43%, respectively. The court had previously dismissed plaintiffs' case against defendant Blaustein. The jury subsequently awarded damages in the amount of $625,000 for pain and suffering.

After the liability portion of the trial, the court decided defendants' cross claims for breach of contract. The court found that defendants Blaustein and LeBlang/Kaplan breached the prime lease with Manhattan Chelsea to provide liability insurance in the amount of not less than $300,000/$500,000, and that these defendants were required to indemnify Manhattan Chelsea to the extent that Manhattan Chelsea sustained damage. In addition, the court found that defendants LeBlang/Kaplan had breached the sublease to provide liability insurance coverage in an amount not less than $100,000/$300,000, and that these defendants were required to indemnify Blaustein with respect to his indemnification obligations to Manhattan Chelsea.

On July 25, 1991, a judgment was entered in accordance with the foregoing. The portion of Blaustein's cross claim seeking legal fees and disbursements from defendants LeBlang/Kaplan by virtue of the breach of the sublease agreement was severed for determination at a separate hearing and a judgment was subsequently entered on September 4, 1991.

A new trial is required on the issues of liability and damages because of numerous errors committed by the trial court. First, the trial court committed reversible error in permitting plaintiffs' expert witness, Stanley Fein, to testify regarding the meaning and applicability of the Building Code to prove that defendants' negligence caused plaintiffs' decedent's injuries (see, Marquart v Yeshiva Machezikel Torah D'Chasidel Belz, 53 AD2d 688). Furthermore, since there was no proof regarding the year the building was constructed, no foundation was established for the applicability of different versions of the Code and its individual provisions. The court's error in permitting Fein's testimony was exacerbated by the court's confusing and contradictory instructions to the jury referring to the applicability of the Code, but failing to charge the particular provisions of the Code claimed to have been vio-

lated *(see, Lopato v Kinney Rent-A-Car,* 73 AD2d 565, 566). The court also erred in permitting plaintiffs' expert witness, Dr. Parness, to testify, over objection, that decedent's initial fall was causally related to her subsequent falls *(see, Cassano v Hagstrom,* 5 NY2d 643, 646). Furthermore, the court erred in refusing defendants' request for a missing witness charge with respect to plaintiffs' failure to call decedent's former treating physician, Dr. Lichtblau *(Dayanim v Unis,* 171 AD2d 579). Finally, although the court properly dismissed plaintiffs' case against Blaustein pursuant to CPLR 4401, it committed reversible error in denying Blaustein's counsel the right to sum up on the issue of liability since the jury's liability finding clearly affected Blaustein's interests with respect to the unresolved cross claims *(Phillips v Chevrolet Tonawanda Div.,* 43 AD2d 891).

We affirm the portion of the court's July 25th judgment granting recovery on the cross claims. Pursuant to the sublease, LeBlang/Kaplan were required to obtain insurance for Blaustein and to indemnify him with respect to his obligations to Manhattan Chelsea. Furthermore, pursuant to the sublease, LeBlang/Kaplan assumed the duties of the tenant under the prime lease and therefore, were required to indemnify Manhattan Chelsea.

Defendants' remaining contentions are either without merit or rendered academic by our disposition of the case. Concur— Murphy, P. J., Milonas, Asch and Kassal, JJ.