■ PHILIP SPARROCK et al., Respondents, v CITY OF NEW YORK et al., Appellants. [631 NYS2d 769] —In an action to recover damages for personal injuries, etc., the defendants appeal from a judgment of the Supreme Court, Kings County (Jackson, J., at liability trial; Ramirez, J., at damages trial), entered September 30, 1993, which, upon separate jury verdicts as to liability and damages, found the defendants 70% at fault in the happening of the accident and is in favor of the plaintiff Philip Sparrock in the principal sum of $231,000, and in favor of the plaintiff Denise Sparrock in the principal sum of $49,000.

Ordered that the judgment is reversed, on the law, and a new trial is granted on the issue of liability, to be followed, if necessary, by a new trial on the issue of damages; and it is further,

Ordered that the award of costs is to abide the event of the new trial or trials; and it is further,

Ordered that, prior to any new trial, the plaintiff Philip Sparrock shall submit to an examination by a qualified medical expert at a time and place to be set forth in a written notice by the defendants to be served upon him at least 10 days prior to such examination, or at such time and place as the parties may agree.

The plaintiffs, Philip and Denise Sparrock, brought this personal injury action against the defendants, the City of New York and the New York City Department of Parks, to recover damages, *inter alia,* for personal injuries suffered by Philip Sparrock as a result of a slip and fall on a stairway leading from a walkway adjacent to the Kings County Courthouse at 360 Adams Street. At the liability trial, a former Parks Department employee testified that the stairway was "part of the park" adjoining 360 Adams Street, which was maintained by the New York City Department of Parks. There is no dispute that the City owned and controlled the property on which the stairway was situated. At the liability trial, expert testimony was admitted that the structure of the stairway did not meet with good engineering practices.

It is well established that "[c]ontrol is the test which generally measures the responsibility in tort of the owner of real property for defects relating to it" *(Govel v Lio,* 120 AD2d 840, 841; *see also, D'Ambrosio v City of New York,* 55 NY2d 454). Contrary to the defendants' contention, the plaintiffs established a prima facie case since there exists a valid line of reasoning and permissible inferences which could lead rational individuals to the conclusion reached by the jury on the basis of the evidence presented at the trial *(see, Nicastro v Park,* 113 AD2d 129, 132).

However, there must be a new trial as to liability. The trial court permitted the plaintiffs' expert to testify that the stairway violated the provisions of the New York City Building Code relating to interior and exterior stairs. The plaintiffs' expert testified that the Code he was referring to "was later than 1968. This particular code is the new one". The trial court, in its charge to the jury, read the provisions of the 1968 Building Code (see, Administrative Code of City of NY former §§ C26-604.8, C26-604.9) and instructed the jury that "[i]f you find that the City violated this section, you may consider that violation as some evidence of negligence".

There was no proof as to when the stairway was constructed. Therefore, "no foundation was established for the applicability of different versions of the Code and its individual provisions" (Ross v Manhattan Chelsea Assocs., 194 AD2d 332, 333).

Further, the provisions in question deal with "interior stairs" and "exterior stairs". Since the stairway in question was outside the building, it was clearly not an interior stair. The provisions in question provide that an exterior stair used in lieu of an interior stair must "comply with all of the requirements for interior stairs" (Administrative Code former § C26-604.9). However, exterior stair was defined as "[a] stair open to the outdoor air, that serves as a *required exit*" (emphasis in original) (Administrative Code former § C26-201.0). In the instant case, the stairway in question did not serve as an exit to the building and, therefore, cannot be deemed an exterior stair (see, Taylor v City of New York, 150 Misc 2d 528, 530).

We note that the court determined that the stairway fell within the provisions of Administrative Code § 7-201 (c) (2), which provides that "[n]o civil action shall be maintained against the city for * * * injury to person * * * sustained in consequence of any street, highway, bridge, wharf, culvert, sidewalk or crosswalk, or any part or portion of any of the foregoing including any encumbrances thereon or attachments thereto" absent prior written notice of an alleged defect. The term "sidewalk" can encompass a "step and stairway" (Administrative Code § 7-201 [c] [1] [b]). However, the court's determinations that the stairway in question was controlled by the foregoing section and could also constitute an "exterior stair" are irreconcilable (see, Donnelly v Village of Perry, 88 AD2d 764).

We further find that the trial court improvidently exercised its discretion in refusing to direct the plaintiff Philip Sparrock to submit to a physical examination. After the liability trial was concluded, the plaintiffs served a supplemental bill of

particulars, alleging for the first time that the plaintiff Philip Sparrock would require a "total knee replacement". At the commencement of the damages trial, the defendants moved for a physical examination of Philip Sparrock, but their application was denied apparently because they failed to give Philip Sparrock seven days prior notice *(see,* CPLR 3043 [b]). Under the circumstances of this case, where the plaintiffs alleged a new item of special damages at such a late date after liability had been determined, the trial court should have exercised its discretion to direct a physical examination *(see, Williams v Long Is. Coll. Hosp.,* 147 AD2d 558, 559). Accordingly, prior to any new trial, Philip Sparrock must submit to a physical examination.

The defendants' remaining contentions are without merit. O'Brien, J. P., Santucci, Joy and Goldstein, JJ., concur.