■ VINCENT FRANCO, Appellant, v JOSEPH P. MURO et al., Respondents. [638 NYS2d 690] —In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Nassau County (O'Brien, J.), entered June 27, 1994, which, after a jury trial, is in favor of the defendants and against him dismissing the complaint.

Ordered that the judgment is affirmed, with costs.

The plaintiff's contention that it was error for the trial court to exclude expert testimony concerning the standards for the design and maintenance of walkways of private homes is without merit. It is well established that the admissibility of expert testimony on any particular issue is addressed to the sound discretion of the trial court (*see, De Long v County of Erie,* 60 NY2d 296, 307; *Selkowitz v County of Nassau,* 45 NY2d 97, 101-102; *Crawford v Koloniaris,* 199 AD2d 235). "It is for the trial court in the first instance to determine when jurors are able to draw conclusions from the evidence based on their day-to-day experience, their common observation and their knowledge, and when they would be benefited by the specialized knowledge of an expert witness" (*People v Cronin,* 60 NY2d 430, 433). Since the plaintiff did not allege any violations of architectural standards or construction codes, ordinances, or the like (*cf., Chanler v Manocherian,* 151 AD2d 432, 432-435), the maintenance of a walkway to a private house was not a subject calling for technical knowledge possessed by an expert and beyond the ken of the typical juror (*see, Nevins v Great Atl. & Pac. Tea Co.,* 164 AD2d 807, 808-809). To permit the expert to testify that the walkway was not properly maintained and created an unsafe condition would be to permit the expert to determine the ultimate issue in this case and usurp the function of the jury (*see, Nevins v Great Atl. & Pac. Tea Co.,*

*supra; Kulak v Nationwide Mut. Ins. Co.,* 40 NY2d 140, 148; *Leonick v City of New York,* 120 AD2d 573).

The plaintiff's remaining contention, that the trial court erred in charging the jury, is without merit as the court's instructions adequately conveyed the sum and substance of the applicable law to be charged (*see, Phillips v United Artists Communications,* 201 AD2d 634, 635) and carefully outlined the contentions of the parties (*see, Dunn v Levinson,* 121 AD2d 596). O'Brien, J. P., Sullivan, Copertino and Joy, JJ., concur.