■ ANTONIO DiLILLO et al., Appellants, v B. REITMAN BLACKTOP, INC., Respondent. [751 NYS2d 273] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from (1) an order of the Supreme Court, Suffolk County (Molia, J.), dated September 17, 2001, which denied their motion pursuant to CPLR 4404 (a) to set aside a jury verdict finding that the defendant was not at fault in the happening of the accident, and (2) a judgment of the same court entered October 3, 2001, which, upon the jury verdict, is in favor of the defendant and against them, dismissing the complaint.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the respondent.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho,* 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

While the plaintiff Virginia DiLillo was driving her vehicle down a heavily-traveled residential street near her home, her vehicle struck the rear of a parked construction vehicle owned by the defendant. Contrary to the plaintiffs' contention, the Supreme Court properly charged the jury as to Vehicle and Traffic Law § 1129, adding language to the charge with reference to striking a stopped vehicle (*see Barile v Lazzarini,* 222 AD2d 635). The court also properly precluded the plaintiffs' expert from testifying regarding whether the defendant's conduct was a substantial contributing factor in the happening of the accident. When the issue which is the subject of the expert's testimony does not exceed the scope of common knowledge, it is properly a matter for determination by the jury (*see Leonick v City of New York,* 120 AD2d 573). The verdict was supported by a fair interpretation of the evidence and thus should not be disturbed (*see Nicastro v Park,* 113 AD2d 129; *Bikowicz v LaBombard,* 212 AD2d 866). Santucci, J.P., McGinity, Luciano and Schmidt, JJ., concur.