■ NICOLE A. MARIANO, Appellant, v SCHUYLERVILLE CENTRAL SCHOOL DISTRICT, Respondent. [766 NYS2d 388] —Peters, J. Appeal from a judgment of the Supreme Court (Williams, J.), entered August 13, 2002 in Saratoga County, upon a verdict rendered in favor of defendant.

When plaintiff was an eighth grade student at Schuylerville Central School, she slipped and fell on dewy grass while running a cross-country course during physical education class. Five years later she sued, alleging, among other things, that the course was negligently designed and that defendant was negligent in its supervision and instruction to students by failing to properly warn of the risks and dangers inherent in this activity. Plaintiff's bill of particulars expounded upon these theories and reserved the right to later allege a violation of a statute, ordinance, rule or regulation.

In response to an expert demand (see CPLR 3101 [d]), plaintiff advised that engineer Ernest Gailor was to testify about the dangers of the course. In his report, Gailor detailed that the narrowing of the path forced runners onto a slippery and steep grassy slope. With the slope having over a 20% grade, the slip hazard increased. As the slip hazard was not readily detectable, the danger was further compounded by the wetness of the grassy surface. Gailor also opined that the course failed to comply with applicable cross-country course standards, citing as authority an article in "Kick!," a running journal which advised that after the gait was established in the first few steps, any disturbance would increase the risk of a misstep.

After reviewing this report, defendant moved, in limine, to preclude Gailor's trial testimony. It contended that he was not qualified to render an opinion as to defendant's liability and that his testimony would not be beneficial to the jury, pointing to Gailor's lack of experience in the design of cross-country courses or in the area of physical education instruction. Defendant further highlighted that plaintiff failed to allege a statutory or rule violation. Supreme Court granted defendant's motion, but permitted Gailor to present limited testimony.

At trial, plaintiff testified that she moved off of the asphalt path onto the grassy section where she slipped because the approaching path was too narrow for both herself and her running partner. Plaintiff's teacher, Elizabeth Sciurba, testified that she designed the course and that she instructed the students to stay on the asphalt path. After hearing testimony from plaintiff's running mate and the limited testimony permitted by Gailor, the jury returned a verdict in favor of defendant. Plaintiff appeals, contending that the limitation of Gailor's testimony was in error.

It is settled that both the admissibility and scope of expert testimony is a determination committed to the sound discretion of the trial court (see De Long v County of Erie, 60 NY2d 296, 307 [1983]; People v Eckhardt, 305 AD2d 860, 864 [2003];

*People v Paro,* 283 AD2d 669, 670 [2001], *lv denied* 96 NY2d 922 [2001]). Such determination will not be disturbed "absent a clear demonstration of abuse * * * or an error of law" (*People v Paro, supra* at 670). Recognizing that expert testimony has been found necessary when it helps to "clarify an issue calling for professional or technical knowledge, possessed by the expert and beyond the ken of the typical juror" (*De Long v County of Erie, supra* at 307), we agree that upon the theories of liability propounded by plaintiff, along with a failure to allege a violation of any standard, code, ordinance or the like, Gailor's proposed testimony was not "beyond the ken of the typical juror" (*Franco v Muro,* 224 AD2d 579, 579 [1996]).

Addressing plaintiff's contention that it was error to prevent Gailor from testifying with respect to the co-efficiencies of friction that existed between rubber-soled sneakers and the wet grass, we note that aside from the issues properly challenging Gailor's expertise in this area, the wholesale failure by plaintiff to have raised this issue prior to the propoundment of this motion supports the determination rendered (*see Valentine v Lopez,* 283 AD2d 739, 742-743 [2001]). Finding no abuse of discretion (*id.* at 742), and having reviewed and rejected all remaining contentions, we affirm.

Mercure, J.P., Spain, Rose and Kane, JJ., concur. Ordered that the judgment is affirmed, without costs.