■ Salvatore Vaglica, Plaintiff, v Glenn M. Homeyer, Defendant. (Action No. 1.) Glenn M. Homeyer et al., Appellants, v Salvatore Vaglica et al., Respondents. (Action No. 2.) Troy Ferdinando, Appellant, v Salvatore Vaglica et al., Respon-

dents, et al., Defendant. (Action No. 3.) GLENN M. HOMEYER et al., Plaintiffs, v GUNNING BUSINESS MACHINES, INC., Defendant. (Action No. 4.) [819 NYS2d 529]—

In four related actions to recover damages for personal injuries, etc., the plaintiffs in action No. 2, Glenn H. Homeyer and Eileen Homeyer, and the plaintiff in action No. 3, Troy Ferdinando, separately appeal from (1) an order of the Supreme Court, Nassau County (Davis, J.), dated April 8, 2004, which denied their separate motions to vacate a prior oral decision of the same court dated February 19, 2004, precluding the plaintiffs from offering expert testimony regarding the subject motor vehicle accident, (2) an order of the same court dated December 6, 2004, which denied their separate motions to set aside a jury verdict pursuant to CPLR 4404 (a), and (3) a judgment of the same court dated January 11, 2005, which, upon a jury verdict finding that the defendant Salvatore Vaglica was not negligent and that the plaintiff Glenn M. Homeyer was negligent in the happening of the accident, dismissed the complaints in action Nos. 2 and 3.

Ordered that the appeals from the orders dated April 8, 2004 and December 6, 2004 are dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the respondents appearing separately and filing separate briefs.

The appeal from the order dated April 8, 2004 must be dismissed, as no appeal lies from an order denying a motion to vacate a decision (*see Behrens v Behrens*, 143 AD2d 617 [1988]).

The appeal from the intermediate order dated December 6, 2004, must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issue raised on the appeal from that order is brought up for review and has been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

"As a general rule the admissibility of expert testimony on a particular point is addressed to the discretion of the trial court" (*De Long v County of Erie*, 60 NY2d 296, 307 [1983]). Under the facts of this case, the Supreme Court providently exercised its discretion in precluding the appellants' proposed expert from testifying regarding the subject accident (*see De Long v County of Erie, supra* at 307; *Selkowitz v County of Nassau*, 45 NY2d 97, 102-103 [1978]; *Murphy v Crecco*, 255 AD2d 300 [1998]; *cf. DiLillo v Reitman Blacktop*, 299 AD2d 517 [2002]). The subject

matter of the intended expert's testimony was not beyond the ken of the typical jury. The expert's testimony was not necessary. Crane, J.P., Rivera, Skelos and Dillon, JJ., concur.