■ CLIFFORD BERGER et al., Appellants, v TARRY FUEL OIL CO., Respondent. [819 NYS2d 556]—

In an action to recover damages resulting from the discharge of petroleum, the plaintiffs appeal, as limited by their brief, from (1) so much of an order of the Supreme Court, Westchester County (Jamieson, J.), entered February 17, 2004, as denied that branch of their motion, pursuant to CPLR 4404 (a), which was to set aside a jury verdict in favor of the defendant and against them as against the weight of the evidence, and (2) a judgment of the same court entered August 5, 2004, which, inter alia, upon the jury verdict, and upon the order entered February 17, 2004, is in favor of the defendant and against them dismissing the complaint.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is reversed, on the law and the facts, the complaint is reinstated, and a new trial is ordered, with costs to abide the event.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

The issue of the admissibility of expert testimony on a particular issue is addressed primarily to the sound discretion of the trial court (*see Franco v Muro*, 224 AD2d 579 [1996]; *Price v New York City Hous. Auth.*, 92 NY2d 553 [1998]). In this case, however, where the defendant's expert was permitted to testify on the ultimate issue as to whether or not the defendant was negligent, and the expert's testimony did not exceed the scope of common knowledge, the admission of such proof constituted reversible error (*see Nevins v Great Atl. & Pac. Tea Co.*, 164 AD2d 807 [1990]; *DiLillo v Reitman Blacktop*, 299 AD2d 517 [2002]).

The plaintiffs' remaining contentions are either without merit or need not be reached in light of our determination. Schmidt, J.P., Spolzino, Fisher and Lifson, JJ., concur.