■ NEVENKA ERCEGOVIC et al., Appellants, v P & T MANAGEMENT Co., LLC, Respondent. [843 NYS2d 847]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from a judgment of the Supreme Court, Queens County (Kitzes, J.), entered May 2, 2006, which, upon a jury verdict on the issue of liability, is in favor of the defendant and against them, dismissing the complaint.

Ordered that the judgment is affirmed, without costs or disbursements.

The plaintiffs' contention that the Supreme Court should have charged the jury with a provision of Administrative Code of the City of NY and Multiple Dwelling Law § 62 is without merit. The plaintiffs failed to submit sufficient proof to establish when the subject building was constructed, and thus, they failed to establish the applicability of the statute and the Administrative Code (*see Roman v Parkash*, 4 AD3d 408 [2004]; *Sparrock v City of New York*, 219 AD2d 705 [1995]; *Ross v Manhattan Chelsea Assoc.*, 194 AD2d 332 [1993]; *Healy v Chanin*, 6 AD2d 806 [1958]).

It is within the trial court's discretion to admit expert testimony, and, in the absence of serious mistake, an error of law, or an improvident exercise of discretion, the determination will not be disturbed (*see McGillvery v City of New York*, 22 AD3d 537, 538 [2005]; *Pignataro v Galarzia*, 303 AD2d 667, 668 [2003]; *Dimond v Heinz Pet Prods. Co.*, 298 AD2d 426 [2002]). The Supreme Court providently exercised its discretion in precluding the plaintiffs' expert from testifying with respect to alleged violations of certain safety standards and codes, particularly since the plaintiffs failed to establish the applicability of Multiple Dwelling Law § 62 and the Administrative Code (*see Franco v Muro*, 224 AD2d 579 [1996]; *Sparrock v City of New York*, 219 AD2d 705, 706 [1995]; *Epolito v Mariani*, 210 AD2d 1005 [1994]; *Ross v Manhattan Chelsea Assoc.*, 194 AD2d 332, 333 [1993]). Schmidt, J.P., Skelos, Lifson and Balkin, JJ., concur.