■ RUZA BARBUL et al., Appellants, v MATSIA PROPERTIES, CORP., Respondent. [849 NYS2d 523]—

Judgment, Supreme Court, Bronx County (Anne E. Targum, J.), entered March 15, 2005, upon a jury verdict in defendant's favor, unanimously affirmed, without costs.

The trial court properly precluded plaintiffs' expert from referring to the New York City Building Code (Administrative Code of City of NY tit 27), since there was no proof of the year the subject building and ramp were constructed and thus no foundation for the applicability of different versions of the Code and its individual provisions (*Ross v Manhattan Chelsea Assoc.*, 194 AD2d 332, 333 [1993]). In any event, the expert testified concerning his examination of the ramp and opined that its slope was "excessive" by "industry standards." That opinion, coupled with the court's missing witness charge following defendant's failure to call its own engineer, rendered harmless any error in the preclusion of reference to the Building Code.

Moreover, the weight of the evidence supports the jury's verdict. The injured plaintiff, who had traveled up and down the ramp countless times, testified that she slipped and lost her balance because of the sandals she was wearing, and her husband testified that he threw those sandals out because they brought his wife bad luck. Plaintiffs had never complained about the slope of the ramp to their son-in-law, the superintendent of the building, and continued to use the ramp after the accident when visiting their daughter. The son-in-law testified that he used the ramp "at least a hundred times a day," that it was not dangerously steep, and that it was obvious to him that plaintiff slipped because of her shoes.

We have considered plaintiffs' remaining contentions and find them unavailing. Concur—Lippman, P.J., Buckley, Gonzalez and Sweeny, JJ.