■ GINETTE JEAN-LOUIS, Respondent, v CITY OF NEW YORK et al., Defendants, and NEW YORK CITY TRANSIT AUTHORITY, Appellant. [928 NYS2d 310]—

For a reviewing court to determine that a jury's verdict is not supported by legally sufficient evidence, it must conclude that there is "simply no valid line of reasoning and permissible inferences" by which the jury could have rationally reached its verdict on the basis of the evidence presented at trial (*Cohen v Hallmark Cards*, 45 NY2d 493, 499 [1978]; *see Szczerbiak v Pilat*, 90 NY2d 553, 556 [1997]). In addition, a jury verdict should not be set aside as contrary to the weight of the evidence unless the jury could not have reached the verdict by any fair interpretation of the evidence (*see Lolik v Big V Supermarkets*, 86 NY2d 744, 746 [1995]; *Piazza v Corporate Bldrs. Group, Inc.*, 73 AD3d 1006, 1006-1007 [2010]). Whether a jury verdict should be set aside as contrary to the weight of the evidence does not involve a question of law, but rather requires a discretionary

balancing of many factors (*see Cohen v Hallmark Cards*, 45 NY2d at 499; *Nicastro v Park*, 113 AD2d 129, 133 [1985]). "It is for the jury to make determinations as to the credibility of the witnesses, and great deference in this regard is accorded to the jury, which had the opportunity to see and hear the witnesses" (*Exarhouleas v Green 317 Madison, LLC*, 46 AD3d 854, 855 [2007]; *see Salony v Mastellone*, 72 AD3d 1060, 1061 [2010]).

Applying these principles here, the Supreme Court properly denied the motion of the defendant New York City Transit Authority (hereinafter the NYCTA) to set aside the verdict on the issue of liability and for judgment as a matter of law. There was a valid line of reasoning and permissible inferences by which the jury could have rationally reached its verdict on the basis of the evidence presented at trial. Further, a fair interpretation of the evidence supported the jury's determination that the I-beams at the Jamaica bus terminal constituted a dangerous condition, and were a substantial factor in causing the plaintiff's accident and resulting injuries.

The Supreme Court properly denied the NYCTA's motion to preclude the testimony of the plaintiff's expert. Generally, the admission of expert testimony is a matter that lies within the sound discretion of the trial court (*see Berger v Tarry Fuel Oil Co.*, 32 AD3d 409 [2006]). Here, the plaintiff's expert helped clarify the issue of whether the I-beams constituted a dangerous condition, which called "for professional or technical knowledge, possessed by the expert and beyond the ken of the typical juror" (*De Long v County of Erie*, 60 NY2d 296, 307 [1983]).

The NYCTA's contention that the plaintiff's counsel made several improper comments during closing argument is not preserved for appellate review because the NYCTA either failed to object to these comments at trial (*see Lucian v Schwartz*, 55 AD3d 687, 688 [2008]; *Murray v Weisenfeld*, 37 AD3d 432, 434 [2007]), or it did not seek further curative instructions and did not immediately move for a mistrial (*see Vingo v Rosner*, 29 AD3d 896 [2006]; *Bacigalupo v Healthshield, Inc.*, 231 AD2d 538 [1996]; *Torrado v Lutheran Med. Ctr.*, 198 AD2d 346 [1993]; *Kamen v City of New York*, 169 AD2d 705 [1991]). In any event, the remarks made by the plaintiff's counsel were either fair comment on the evidence or isolated comments that did not deprive the NYCTA of a fair trial (*see Alston v Sunharbor Manor, LLC*, 48 AD3d 600, 603 [2008]).

The award for future pain and suffering did not deviate materially from what would be reasonable compensation (*see* CPLR 5501 [c]). Skelos, J.P., Leventhal, Austin and Sgroi, JJ., concur.