■ DEMETRI CHRISTOFORATOS, Appellant, v CITY OF NEW YORK et al., Respondents, et al., Defendant. [935 NYS2d 641]—

At trial, the plaintiff sought to offer the testimony of an expert on the issue of the placement of the portable restroom in a location where access required walking on grass rather than a paved surface, but was precluded from offering the expert's testimony.

Expert testimony has been found necessary when it helps to clarify an issue which calls for professional or technical knowledge, possessed by an expert and beyond the understanding of the typical juror (*see De Long v County of Erie*, 60 NY2d 296, 307 [1983]; *Jean-Louis v City of New York*, 86 AD3d 628 [2011]; *Mariano v Schuylerville Cent. School Dist.*, 309 AD2d 1116 [2003]). The admissibility and scope of expert testimony is a determination within the discretion of the trial court (*see De Long v County of Erie*, 60 NY2d 296 [1983]; *Leonick v City of New York*, 120 AD2d 573 [1986]).

Contrary to the plaintiff's contention, the placement of the portable restroom so that access required walking on grass,

where pedestrian traffic could result in bare areas which became wet and muddy after rain, was not beyond the understanding of the typical juror (*see De Long v County of Erie*, 60 NY2d at 307; *Franco v Muro*, 224 AD2d 579 [1996]; *cf. Jean-Louis v City of New York*, 86 AD3d 628 [2011]). The plaintiff's contention that his expert should have been permitted to testify as to alleged violations of city and industry safety regulations is without merit, as the plaintiff failed to offer proof that any safety code or regulation applied (*see Zebzda v Hudson St., LLC*, 72 AD3d 679 [2010]; *Ercegovic v P&T Mgt. Co., LLC*, 44 AD3d 995 [2007]). Consequently, the Supreme Court properly precluded the plaintiff's expert from testifying (*see De Long v County of Erie*, 60 NY2d at 307; *Mariano v Schuylerville Cent. School Dist.*, 309 AD2d 1116 [2003]; *Franco v Muro*, 224 AD2d 579 [1996]; *Leonick v City of New York*, 120 AD2d 573 [1986]).

A jury verdict should not be set aside as contrary to the weight of the evidence unless the jury could not have reached its verdict by any fair interpretation of the evidence (*see Lolik v Big V Supermarkets*, 86 NY2d 744 [1995]; *Jean-Louis v City of New York*, 86 AD3d 628 [2011]; *Dunnaville v Metropolitan Tr. Auth. of City of N.Y.*, 68 AD3d 1047 [2009]). Based on the evidence submitted to the jury, its determination that the defendants City of New York and New York City Department of Parks and Recreation were not negligent was not contrary to the weight of the evidence (*see Solazzo v New York City Tr. Auth.*, 6 NY3d 734, 735 [2005]; *Piacquadio v Recine Realty Corp.*, 84 NY2d 967 [1994]; *Dunnaville v Metropolitan Tr. Auth. of City of N.Y.*, 68 AD3d 1047 [2009]). Dickerson, J.P., Hall, Cohen and Miller, JJ., concur.