Golia, J.
(dissenting in part and concurring in part and voting to modify the order, insofar as appealed from, by providing that the branch of defendant’s cross motion seeking summary judgment dismissing so much of the complaint as seeks to recover the portion of plaintiffs September 10, 2007 claim that was for services rendered from August 29, 2007 through September 6, 2007 is granted and by providing that so much of the order as denied the branch of defendant’s cross motion seeking summary judgment dismissing so much of the complaint as seeks to recover for services rendered from May 31, 2007 through August 27, 2007 is vacated, and the matter is remitted to the Civil Court for a new determination of this branch of defendant’s cross motion, in the following memorandum). I must dissent from my colleagues in the majority as to their implicit finding that a court is under no obligation to take notice of the rates set forth in the workers’ compensation fee schedule. Indeed, the question here is one of judicial notice and the obligations of the court with respect thereto. While the majority does not specifically cite to the term, judicial notice is the issue. I previously filed a concurrence addressing the very same issue in Stanley Liebowitz, M.D. P.C. v American Tr. Ins. Co. (14 Misc 3d 142[A], 2007 NY Slip Op 50372[U] [App Term, 2d & 11th Jud Dists 2007]). While my concurrence in Stanley Liebowitz, M.D. P.C. specifically addressed the Civil Court’s grant of summary judgment to the medical provider, as opposed to the denial of summary judgment to the insurance provider, the issue of judicial notice of the no-fault fee schedule was similarly the underlying basis of that matter.
CPLR 4511 (a) states that “[e]very court shall take judicial notice without request ... of the official compilation of codes, rules and regulations of the state except those that relate solely to the organization or internal management of an agency of the state” (emphasis added). As the fee schedule by which the rates of no-fault medical providers is determined is codified in the Official Compilation of Codes, Rules and Regulations of the State of New York, it falls under the purview of this mandate, and is consequently an obligation of this court.
*73 The fee schedule utilized in New York State’s no-fault insurance scheme is the same schedule that was originally devised to set fees for medical services provided in conjunction with workers’ compensation claims. The workers’ compensation fee schedule was “incorporated by reference into the Insurance Department Regulations (see 11 NYCRR 68.1 [a])” (LVOV Acupuncture, P.C. v GEICO Ins. Co., 32 Misc 3d 144[A], 2011 NY Slip Op 51721[U], *1 [App Term, 2d, 11th & 13th Jud Dists 2011]). Hence, the fee schedule, as it pertains to no-fault claims, is codified as part of the Official Compilation of Codes, Rules and Regulations of the State of New York as a component of Insurance Department Regulations (11 NYCRR) § 68.1 (a).
The New York Court of Appeals has specifically addressed judicial notice as it pertains to New York State regulations. In Matter of New York Assn. of Convenience Stores v Urbach (92 NY2d 204, 214 [1998]), the Court of Appeals found that the repeal of certain regulations by the New York State Tax Department was a development of which the Court “must take judicial notice.”
Both the Third and First Departments have held much the same. In Cruise v New York State Thruway Auth. (28 AD2d 1029, 1030 [1967]), the Appellate Division, Third Department, found that “the [trial] court was required [by CPLR 4511 (a)] to take judicial notice of” certain regulations of the New York State Thruway Authority. In Chanter v Manocherian (151 AD2d 432, 433 [1989]), the Appellate Division, First Department, held that, under CPLR 4511 (a), “[t]he refusal to take judicial notice of pertinent laws and regulations constitutes reversible error” (citing Howard Stores Corp. v Pope, 1 NY2d 110 [1956]).
The essential principle underlying these decisions is that a court has an inherent obligation to know the laws which it is charged with applying, much the same as a judge would charge a jury on the law at the close of evidence. Indeed, in discussing the role of judicial notice in the application of laws, the American Jurisprudence Proof of Facts states that “[t]he exercise of such power is so much taken for granted, that the specific term ‘judicial notice’ is not generally associated with it, though technically it could well be applied,” as “[a] court has inherent power to know the domestic law of its own jurisdiction, both statutory and case law” (60 Am Jur Proof of Facts 3d 175, § 3).
This long-entrenched reluctance of courts to take judicial notice of codified laws and regulations is illustrated in some aged opinions of appellate courts in our sister states: “[i]nferior *74 courts are required to know the local regulations, municipal ordinances and town by-laws which it is their duty to administer” (Strain v Isaacs, 59 Ohio App 495, 514, 18 NE2d 816, 825 [1938]); “[t]he court is bound to take notice of the law” ( Randall v Commonwealth of Virginia, 183 Va 182, 186, 31 SE2d 571, 572 [1944]). Both cases remain good law in their respective jurisdictions and continue to inform as to the proper role of judicial notice.
More recently, in Getty Petroleum Mktg., Inc. v Capital Term. Co. (391 F3d 312, 322 [2004]), Judge Lipez of the United States Court of Appeals for the First Circuit wrote in a concurring opinion:
“Judicial notice of law is the name given to the commonsense doctrine that the rules of evidence governing admissibility and proof of documents generally do not make sense to apply to statutes or judicial opinions — which are technically documents— because they are presented to the court as law, not to the jury as evidence.”
In light of the above-discussed precedent and the tangential connection between the formal practice of judicial notice and the recognition of codified laws and regulations, I can see no reason why this court should not take notice, judicial or otherwise, of the fee schedule. The fee schedule has been made part of the law of New York (see LVOV Acupuncture, P.C., 2011 NY Slip Op 51721[U]).
An advocate before any court need not supply it with physical copies of the laws upon which an argument is based to ensure that those particular laws are taken under consideration by this court. An advocate need only recite an argument involving a certain law; an attorney need only bring the relevant law to the attention of a court. Indeed, here it is enough that defendant alleged that the fee charged by plaintiff exceeded the relevant rates set forth in the fee schedule as prescribed by law. As such, I would remit this specific issue back to the lower court for a determination of the motion as to whether the proper fees were charged under the workers’ compensation fee schedule for the services rendered from May 31, 2007 through August 27, 2007, and whether appropriate payment was made thereon. I would also advise the motion court that it is obligated to take notice of the workers’ compensation fee schedule and all New York laws and regulations pertaining thereto.
*75 Pesce, EJ., and Steinhardt, J., concur; Golia, J., dissents in part and concurs in part in a separate memorandum.