The plaintiff tripped and fell while stepping off a sidewalk and into the parking lot of a building owned by the defendant. At trial, the plaintiff testified that she fell when the heel of her left shoe got caught in a spot where the curb was cracked, forming a hole. The plaintiff attempted to call a professional engineer *678 to provide expert testimony regarding the alleged defect. However, the defendant made an application to preclude the plaintiffs expert from testifying. The Supreme Court granted the defendant’s application, finding that, on the facts of this case, expert testimony was unnecessary.
Expert testimony is unnecessary unless it assists the jury in clarifying an issue which requires professional or technical knowledge possessed by an expert and beyond the comprehension of a typical juror (see De Long v County of Erie, 60 NY2d 296, 307 [1983]; Christoforatos v City of New York, 90 AD3d 970, 970 [2011]; Jean-Louis v City of New York, 86 AD3d 628, 629 [2011]; Vaglica v Homeyer, 30 AD3d 587, 588 [2006]). “The admissibility and scope of expert testimony is a determination within the discretion of the trial court” (Christoforatos v City of New York, 90 AD3d at 970; see De Long v County of Erie, 60 NY2d at 307; Jean-Louis v City of New York, 86 AD3d at 628).
Contrary to the plaintiffs contention, the existence of a defect on the curb which caused the plaintiff to fall was not beyond the understanding of the typical juror (see De Long v County of Erie, 60 NY2d at 307; Franco v Muro, 224 AD2d 579, 579-580 [1996]; see also Mariano v Schuylerville Cent. School Dist., 309 AD2d 1116, 1117-1118 [2003]; cf. Hendricks v Baksh, 46 AD3d 259, 260 [2007]). The photographs of the defective condition and the surrounding area, which were admitted into evidence, along with the testimony of the plaintiff and her boss, a nonparty witness, as to what caused the plaintiff to fall, the condition of the curb, and the length of time that the condition had been present, were matters within the jury’s understanding without the need for additional testimony by an expert. Accordingly, the Supreme Court properly precluded the plaintiffs expert from testifying. Dillon, J.P., Austin, Sgroi and Cohen, JJ., concur.