■ NATASHA WILLIAMS, Appellant, v HARRY A. PEREZ et al., Respondents. [55 NYS3d 404]—

In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Queens County (Greco, Jr., J.), entered January 28, 2016, which, upon a jury verdict in favor of the defendants on the issue of liability, is in favor of the defendants and against her dismissing the complaint.

Ordered that the judgment is affirmed, with costs.

The plaintiff commenced this action against her former landlords to recover damages for injuries she allegedly sustained as a result of a fall down an interior staircase within a two-story apartment in a two-family home located in Queens (hereinafter the premises).

At the liability phase of the bifurcated jury trial, the plaintiff sought to offer expert opinion testimony from a licensed engineer. The Supreme Court precluded the expert from testifying regarding the alleged applicability and violation of any provisions of the New York City Building Code (Administrative Code of City of NY, tit 28, ch 7 [hereinafter the Building Code]), because the expert failed to search and determine when the premises was built or when the staircase was built or allegedly altered. Since the date of construction was not established, the court determined that there was no foundation for the expert's opinion as to whether any particular version of the Building Code was applicable. The expert was permitted to testify that the staircase was not constructed in a safe manner, that it was dangerous, and that it was not in a safe condition.

The jury returned a verdict in favor of the defendants, finding that they were not negligent. A judgment was entered in favor of the defendants and against the plaintiff dismissing the complaint. The plaintiff argues on appeal that the Supreme

Court improvidently exercised its discretion in precluding her expert from testifying regarding Building Code violations.

"The admissibility and scope of expert testimony is a determination within the discretion of the trial court" (*Christoforatos v City of New York*, 90 AD3d 970, 970 [2011]; *see De Long v County of Erie*, 60 NY2d 296, 307 [1983]; *Jean-Louis v City of New York*, 86 AD3d 628 [2011]). Here, the Supreme Court providently exercised its discretion in precluding the plaintiff's expert from testifying that the staircase violated the Building Code. Without establishing when the premises or staircase was constructed, there was no foundation for the expert's opinion regarding violations of the Building Code (*see Barbul v Matsia Props., Corp.*, 47 AD3d 459 [2008]; *Roman v Parkash*, 4 AD3d 408 [2004]; *Sparrock v City of New York*, 219 AD2d 705, 706 [1995]; *Ross v Manhattan Chelsea Assoc.*, 194 AD2d 332, 333 [1993]; *Marquart v Yeshiva Machezikel Torah D'Chasidel Belz of N.Y.*, 53 AD2d 688, 689 [1976]).

The plaintiff's remaining contentions are either not properly before this Court or without merit. Dillon, J.P., Cohen, Maltese and Duffy, JJ., concur.