Coreano v 983 Tenants Corp. (2021 NY Slip Op 00290)





Coreano v 983 Tenants Corp.


2021 NY Slip Op 00290


Decided on January 20, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 20, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SYLVIA O. HINDS-RADIX
COLLEEN D. DUFFY
VALERIE BRATHWAITE NELSON, JJ.


2020-02265
 (Index No. 514351/15)

[*1]Edwin Coreano, et al., respondents,
v
983 Tenants Corp., appellant.


Dorf & Nelson LLP, Rye, NY (Steven A. Lavietes of counsel), for appellant.
Burns & Harris, New York, NY (Jason S. Steinberg of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, etc., the defendant appeals from a judgment of the Supreme Court, Kings County (Lorna J. McAllister, J.), dated February 20, 2020. The judgment, upon a jury verdict on the issue of liability finding the defendant 100% at fault in the happening of the accident, is in favor of the plaintiffs and against the defendant on the issue of liability.
ORDERED that the judgment is reversed, on the law, with costs, and the matter is remitted to the Supreme Court, Kings County, for a new trial on the issue of liability.
The plaintiff Edwin Coreano allegedly was injured when he slipped and fell while walking down a service entrance stairway located at certain property owned by the defendant (see Coreano v 983 Tenants Corp., _____ AD3d _____ [Appellate Division Docket No. 2019-08125; decided herewith]). At a trial on the issue of liability, the jury returned a verdict finding the defendant 100% at fault for the happening of the accident. The defendant appeals.
We agree with the defendant that the Supreme Court should not have charged the jury with regard to certain provisions of the 1925 Administrative Code of the City of New York (hereinafter the Building Code). The plaintiffs failed to submit sufficient proof to establish when the subject stairway was constructed. Thus, the plaintiffs failed to establish which version of the Building Code was applicable (see Ercegovic v P & G Mgt. Co., LLC, 44 AD3d 995, 996; Roman v Parkash, 4 AD3d 408, 408; Sparrock v City of New York, 219 AD2d 705, 706).
Since a general verdict sheet was submitted to the jury, we cannot ascertain whether the jury's verdict was predicated on a finding that the defendant violated the 1925 Building Code. Accordingly, the judgment must be reversed, and the matter remitted to the Supreme Court, Kings County, for a new trial on the issue of liability.
The parties' remaining contentions are either without merit or academic in light of our determination.
RIVERA, J.P., HINDS-RADIX, DUFFY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court