Curry v Eastern Extension, LLC (2022 NY Slip Op 01001)





Curry v Eastern Extension, LLC


2022 NY Slip Op 01001


Decided on February 16, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 16, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
VALERIE BRATHWAITE NELSON
REINALDO E. RIVERA
PAUL WOOTEN, JJ.


2020-05790
 (Index No. 514685/17)

[*1]Henry Curry, appellant,
v
Eastern Extension, LLC, respondent.


Subin Associates, LLP (Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac and Christopher Soverow], of counsel), for appellant.
Lewis Brisbois Bisgaard & Smith, LLP, New York, NY (Meredith Drucker Nolen and Daniel D. Wang of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Kings County (Robin K. Sheares, J.), dated July 16, 2020. The judgment, upon an order of the same court (Kathy J. King, J.) dated April 10, 2019, denying the plaintiff's motion for summary judgment on the issue of liability, and upon a jury verdict in favor of the defendant on the issue of liability, is in favor of the defendant and against the plaintiff dismissing the complaint.
ORDERED that the judgment is affirmed, with costs.
The plaintiff commenced this action to recover damages for personal injuries that he allegedly sustained when he tripped and fell on a defect in the sidewalk abutting the defendant's property. The plaintiff moved for summary judgment on the issue of liability, contending that the defendant's negligent maintenance of the sidewalk caused him to fall. By order dated April 10, 2019, the Supreme Court denied that motion. The case proceeded to a jury trial on the issue of liability. At the trial, the plaintiff attempted to introduce expert testimony regarding the alleged defect. However, the defendant made an application to preclude the plaintiff's expert from testifying. The court granted the defendant's application, finding that, on the facts of this case, expert testimony was unnecessary. The jury determined that the defendant was not negligent in maintaining the sidewalk. A judgment was entered in favor of the defendant and against the plaintiff dismissing the complaint. The plaintiff appeals.
The Supreme Court properly denied the plaintiff's motion for summary judgment on the issue of liability. "Administrative Code of the City of New York § 7-210, which became effective September 14, 2003, shifted tort liability for injuries arising from a defective sidewalk from the City of New York to the abutting property owner" (Pevzner v 1397 E. 2nd, LLC, 96 AD3d 921, 922; see Vucetovic v Epsom Downs, Inc., 10 NY3d 517, 520). Administrative Code of the City of New York § 7-210(a) "imposes a duty upon owners of certain real property to maintain the sidewalk abutting their property in a reasonably safe condition, and provides that said owners are liable for personal injury that is proximately caused by such failure" (Sangaray v West Riv. Assoc., LLC, 26 NY3d 793, 797; see Xiang Fu He v Troon Mgt., Inc., 34 NY3d 167, 171). "However, [*2]Administrative Code of the City of New York § 7-210 does not impose strict liability upon the property owner, and the injured party has the obligation to prove the elements of negligence to demonstrate that an owner is liable" (Muhammad v St. Rose of Limas R.C. Church, 163 AD3d 693, 693; see Xiang Fu He v Troon Mgt., Inc., 34 NY3d at 171). "Thus, to prevail on a motion for summary judgment, a plaintiff must demonstrate, prima facie, that the property owner created the defect or had actual or constructive notice of the defect" (Robinson v Hess Retail Stores, LLC, 197 AD3d 517, 518; see Vasquez v Giandon Realty, LLC, 189 AD3d 1120).
"[W]hether a dangerous or defective condition exists on the property of another so as to create liability depends on the peculiar facts and circumstances of each case and is generally a question of fact for the jury" (Trincere v County of Suffolk, 90 NY2d 976, 977 [internal quotation marks omitted]). Summary judgment should not be granted where "the dimensions of the alleged defect are unknown and the photographs and descriptions inconclusive" (Hutchinson v Sheridan Hill House Corp., 26 NY3d 66, 84). Here, the plaintiff failed to establish, prima facie, that the sidewalk was not maintained in a reasonably safe condition. The plaintiff himself did not provide any testimony as to the dimensions of the alleged sidewalk defect, and the photographs relied upon by the plaintiff and the plaintiff's expert, who never visited the accident site, were poor in quality (see generally Gallis v 23-21 33 Rd., LLC, 198 AD3d 730; Robinson v Hess Retail Stores, LLC, 197 AD3d at 518). Since the plaintiff failed to meet his initial burden as the movant, the Supreme Court properly denied his motion for summary judgment on the issue of liability without regard to the sufficiency of the opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851).
With regard to the trial, "expert opinion is proper when it would help to clarify an issue calling for professional or technical knowledge, possessed by the expert and beyond the ken of the typical juror" (De Long v County of Erie, 60 NY2d 296, 307; see Robins v City of Long Beach, 192 AD3d 709, 710; Christoforatos v City of New York, 90 AD3d 970). The admissibility and scope of expert testimony is a determination within the discretion of the trial court (see De Long v County of Erie, 60 NY2d at 307; Christoforatos v City of New York, 90 AD3d at 970). Here, the Supreme Court providently exercised its discretion in precluding the plaintiff's expert testimony because the jury did not need testimony from an expert to determine whether the defendant maintained the sidewalk in a reasonably safe condition (see Galasso v 400 Exec. Blvd., LLC, 101 AD3d 677, 678).
Contrary to the plaintiff's contention, the jury was properly polled (see generally Duffy v Vogel, 12 NY3d 169). Moreover, the jury's determination that the defendant was not negligent in maintaining its property was not contrary to the weight of the evidence (see Lolik v Big V Supermarkets, 86 NY2d 744, 746; Nicastro v Park, 113 AD2d 129, 133).
DILLON, J.P., BRATHWAITE NELSON, RIVERA and WOOTEN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court