■ VINCENT ORTIZ, Appellant, v CITY OF NEW YORK et al., Respondents, et al., Defendants. [833 NYS2d 490]—Judgment, Supreme Court, Bronx County (Yvonne Gonzalez, J.), entered on or about December 2, 2005, dismissing the complaint as against defendants City of New York and Samuel Diaz, unanimously affirmed, without costs.

Plaintiff's opening statement failed to make out a prima facie case of negligence against the driver of the car involved in the alleged accident. Therefore, there could have been no finding of liability against the car's owner, defendant Diaz, since any liability on his part would have been derivative of the driver's (Vehicle and Traffic Law § 388 [1]). Accordingly, the court properly dismissed the action as against Diaz immediately after opening statements (*see Giroux v Snedecor*, 178 AD2d 802 [1991]).

The complaint against the City was properly dismissed at the close of evidence. Even if the City created the bump to which plaintiff attributes the accident in which he was injured, there was no competent evidence that the bump was hazardous at the

time of its creation (*see Bielecki v City of New York*, 14 AD3d 301 [2005]). The trial court properly precluded the testimony of plaintiff's expert, since there was no showing that the proposed testimony would clarify an issue involving professional or technical knowledge beyond the ken of the typical juror (*see GMAC Commercial Credit v Mitchell-B.J. Ltd.*, 272 AD2d 51 [2000]). Concur—Andrias, J.P., Friedman, Buckley, Sweeny and Catterson, JJ.