■ VICTORIA T. GEORGE et al., Appellants, v NEW YORK CITY TRANSIT AUTHORITY, Respondent. [837 NYS2d 130]—

Order, Supreme Court, New York County (Robert D. Lippmann, J.), entered July 6, 2006, which granted defendant's motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, the motion denied and the complaint reinstated.

Defendant's argument that plaintiff was speculating as to the cause of her fall is irrelevant on the issue of notice. The record demonstrates that plaintiff, as found by this Court in its prior decision (306 AD2d 160 [2003]), "was injured as she descended from an elevated subway station during rush hour when she allegedly stepped onto a concrete step from which a chunk of concrete was missing, whereupon she twisted her foot, fracturing it."

"To constitute constructive notice, a defect must be visible and apparent and it must exist for a sufficient length of time prior to the accident to permit defendant's employees to discover and remedy it" (*Gordon v American Museum of Natural History*, 67 NY2d 836, 837 [1986]). Given plaintiff's testimony, the photographs that we previously ruled clearly depict the defect, and the affidavit of plaintiff's expert who stated that the defect "was not an overnight occurrence but was the result of long

standing deterioration," there is a triable issue of fact as to whether defendant had constructive notice of the condition (*see e.g. Alexander v New York City Tr.*, 34 AD3d 312 [2006]). Concur—Tom, J.P. Saxe, Marlow, Sullivan and Williams, JJ.