■ ENA HENDRICKS, Appellant, v AZEEZ BAKSH, Respondent, et al., Defendants. [847 NYS2d 171]—

Order, Supreme Court, Bronx County (Alan J. Saks, J.), entered on or about October 26, 2006, which granted defendant-respondent's motion for a directed verdict, unanimously reversed, on the law, without costs, the motion denied, the complaint reinstated and a new trial ordered.

The trial court erred in granting respondent's motion for a directed verdict on the ground that expert testimony was necessary for plaintiff to make a prima facie case of negligence. Respondent admitted that two years before the accident he repaired the area of the sidewalk in front of his home where plaintiff tripped and fell, by covering up cobblestones with ready-mixed cement in a box. The question of whether this

repair was performed negligently, creating a defect causing plaintiff to trip and fall, should have been left to the jury to decide. Whether respondent used the right concrete, or poured enough of it in the right places, or should have removed the cobblestones, or failed to properly take into account the effects of weather, foot traffic and tree roots on the installation, are not matters beyond the ken of the typical juror, nor are they issues of such scientific or technical complexity as to require the explanation of an expert in order for the jury to comprehend them (*see Ortiz v City of New York*, 39 AD3d 359, 359-360 [2007], *lv denied* 9 NY3d 803 [2007]; *Franco v Muro*, 224 AD2d 579 [1996]). Concur—Tom, J.P., Mazzarelli, Saxe and Nardelli, JJ.