■ Susan Fazio et al., Respondents, v Costco Wholesale Corporation, Appellant. [924 NYS2d 381]—

Order, Supreme Court, New York County (Paul G. Feinman, J.), entered October 21, 2010, which denied defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

We reject plaintiffs' contention that the appeal is untimely because defendant filed its notice of appeal 32 days after it was served electronically with notice of the entry of the order (see CPLR 5513 [a]). A New York State Court Electronic Filing (NYSCEF) site confirmation shows the date on which the order with notice of entry was filed electronically and e-mail notifications were sent to counsel for the parties. However, the NYSCEF site's transmission of notification of the entry to e-mail service addresses "shall not constitute service of notice of entry by any party" (22 NYCRR 202.5b [h] [3]). "A party shall serve notice of entry of an order . . . on another party by serving a copy of the notification . . . and an express statement that the transmittal constitutes notice of entry" (id.). The only affidavit of service in the record shows that the notice of entry was served on defendant by mail. Thus, defendant had 35 days to notice its appeal (see CPLR 2103 [b] [2]).

The conclusion of defendant's expert that the cracked and eroded area of concrete in defendant's parking lot on which plaintiff Susan Fazio tripped was only one-sixteenth-inch deep and therefore did not create a tripping hazard was reasonably inferable from the photographs; no inspection was required to make a prima facie showing on that issue (see Matter of Aetna Cas. & Sur. Co. v Barile, 86 AD2d 362, 364-365 [1982]; see also Gaud v Markham, 307 AD2d 845 [2003]). However, "a mechanistic disposition of a case based exclusively on the dimension of the . . . defect is unacceptable" (Trincere v County of Suffolk, 90 NY2d 976, 977-978 [1997]). Plaintiff's testimony that the concrete in the depressed area was eroded, broken up and uneven, with exposed, protruding stone creates an issue of fact whether the defect was trivial (see id. at 977; see e.g. Tese-Milner v 30 E. 85th St. Co., 60 AD3d 458 [2009]; George v New York City Tr. Auth., 306 AD2d 160 [2003]; Tineo v Parkchester S. Condominium, 304 AD2d 383, 383-384 [2003]; Argenio v Metropolitan Transp. Auth., 277 AD2d 165, 166 [2000]).

Contrary to defendant's contention, plaintiff adequately identified the location of her fall. Indeed, plaintiffs testified that when they tried to describe to defendant's manager exactly where the incident occurred, an employee present in the manager's office said, "You know where that is, it's over by the carts," and the manager testified that the same employee took him to the parking lot to show him the location. Thus, the record also presents an issue of fact as to constructive notice (*see Gordon v American Museum of Natural History*, 67 NY2d 836, 837 [1986]).

Plaintiffs were not required to produce an expert to refute defendant's expert's conclusions (*see e.g. Hendricks v Baksh*, 46 AD3d 259 [2007]). Concur—Saxe, J.P., DeGrasse, Freedman, Abdus-Salaam and Manzanet-Daniels, JJ.