Order, Supreme Court, New York County (Judith J. Gische, J.), entered June 21, 2012, which denied defendants’ motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
Summary judgment was properly denied in this action where plaintiff was allegedly caused to fall by a raised sidewalk flag outside defendants’ building, since triable issues exist as to whether defendants had constructive notice of the raised flag (see George v New York City Tr. Auth., 41 AD3d 143 [1st Dept 2007]; Obie v Catsimatidis, 10 AD3d 569 [1st Dept 2004]). Plaintiff testified as to the cause and location of his fall and such testimony was consistent with the photographs showing an uneven sidewalk at the location of the accident. Moreover, plaintiff stated that the condition of the defect at the time of the accident was substantially as shown in the photographs (see Taylor v New York City Tr. Auth., 48 NY2d 903 [1979]). Although there is no indication as to who took the subject photographs, or exactly when they were taken, where a defect in a concrete surface has indicia of coming into existence over a period of time, a jury could find that, “whenever taken,” certain photographs are “a fair and accurate representation” of the condition at the time of an accident (Taylor at 904).
Moreover, since the photographs may be relied upon, the conclusion of plaintiff’s expert that the sidewalk flag was a raised condition was “reasonably inferable from the photographs,” and no inspection was required by the expert, *508 particularly where, as here, such an inspection would have been impossible under the circumstances (Fazio v Costco Wholesale Corp., 85 AD3d 443, 443 [1st Dept 2011]). We have considered defendants’ remaining contentions and find them unavailing. Concur—Andrias, J.E, Renwick, Freedman and Feinman, JJ. [Prior Case History: 2012 NY Slip Op 31647(U).]