Moss v Marymount Manhattan Coll. (2022 NY Slip Op 01423)





Moss v Marymount Manhattan Coll.


2022 NY Slip Op 01423


Decided on March 08, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 08, 2022

Before: Kapnick, J.P., Gesmer, Oing, Singh, Scarpulla, JJ. 


Index No. 159291/16, 595223/17 Appeal No. 15456 Case No. 2021-01389 

[*1]Maryann Moss, Plaintiff-Respondent,
v
Marymount Manhattan College, Defendant-Appellant.
Marymount Manhattan College, Third-Party Plaintiff-Appellant,
v
Foliot Furniture Inc., Doing Business as "Meubles Foliot Inc./Foliot Furniture Inc." et al., Third-Party Defendants-Respondents.


Biedermann Hoenig Semprevivo, PC, New York (Meishin Riccardulli of counsel), for appellant.
Pollack Pollack Isaac & DeCicco, LLP (Brian J. Isaac of counsel), for Maryann Moss, respondent.
Haworth Barber & Gerstman, LLC, New York (Scott Haworth of counsel), for Foliot Furniture, Inc., Foliot Furniture Pacific Inc., and Foliot USA Holding Inc., respondents.



Order, Supreme Court, New York County (Gerald Lebovits, J.), entered December 3, 2020, which, to the extent appealed from as limited by the briefs, denied defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
Defendant failed to establish prima facie that it was not negligent in connection with the injuries plaintiff sustained when she was climbing the ladder connected to a loft bed in her daughter's dorm room and the ladder swung out, causing her to fall (see Chapman v City of New York, 139 AD3d 507 [1st Dept 2016]). Defendant did not adequately address plaintiff's allegations that it had created the defective condition of the ladder and that it had actual notice of the condition. Nor did defendant establish that it did not have constructive notice of the alleged defective condition, since it failed to submit evidence showing when the ladder had last been inspected (see Mandel v 340 Owners Corp., 189 AD3d 483, 484 [1st Dept 2020]).
In any event, plaintiff presented evidence of defendant's constructive notice of the condition by submitting an expert's opinion, based on his inspection of the ladder and the testimony of plaintiff's daughter that the ladder made a metallic clinking sound every time she ascended and descended it, that the condition of the ladder preexisted the accident (see George v New York City Tr. Auth., 41 AD3d 143, 143-144 [1st Dept 2007]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 8, 2022